The opinion of the court was delivered by
Tilghman, C. J.
This was an action by Elizabeth Simmons, against Charles Rogers, founded on a breach of promise of marriage. On a submission to arbitrators, an ayvard was returned in favour of the plaintiff; from which the defendant appealed, and died pending the appeal. The death of Charles Rogers, having been suggested on the record, his executors, Charles Lattimore and William Morgan, were made defendants, after which the cause proceeded to trial, by a jury, who found for the plaintiff, and assessed damages to the amount of two thousand eight hundred and fifty dollars, for which, together with costs, judgment was entered. The principal error assigned, is, that the cause of action did not survive, but died with the original defendant. Should the plaintiff in error be right in that position, it will be unnecessary to enter into the consideration of any other exceptions.
That a personal 'action dies with the person is an ancient and uncontested maxim. But the term “personal action,” requires explanation. In a large sense, all actions except those for the recovery of real property, may be called personal. This definition would include contracts for the payment of money, which never were supposed to die with the person. The maxim must therefore be taken in a more restricted meaning. It extends to all wrongs attended with actual force,, whether they affect person or property; and to all injuries to the person only, though ivithout force. Thus stood originally the common law, in which an alteration was made by the stat. 4. Ed. 3. c. 7, which gave an action to an executor for an injury done to the personal property of his *185 testator in his life, which was extended to the executor of an executor by stat. 25, Ed. 3. And by the stat. 31, Ed. 3, c. 11, administrators have the same remedy as executors. These statutes received a liberal construction from the judges, but they do not extend to injuries to the person of the deceased, nor to his freehold. So that no action now lies, by an executor or administrator for an assault and battery of the deceased, or trespass vi ef armis, on his land, or for slander; because it is merely & personal injury. Neither do they extend to actions against executors or administrators for wrongs committed by the deceased. This subject was much canvassed in the ease of Hambly v. Trott, (Cowp. 376,) in which it was held that an action of trover could not be maintained againstan administrator curft testamento annexo for a conversion by the testator. Buller, who argued thatcase as counsel forthe plaintiff, laid down the rule, “actio personalis moritur persona,” with this distinstion; “where the action isfounded merely on an injury to the ) person, and no property is in question, it dies with the person; but j w here property is concerned, it survives,” (Cowp. 372,) and he also/ said, “ that where the damages are vindictive and entirely uncertain, an action will not lie against an executor.” Now if these tests are applied to the present action, they will bear hard against it. For it cannot be said, that any injury has been done to the property of the plaintiff, nor is there any measure, or standard, for regulating the damages. But the counsel for the plaintiff rely on the contract in this case, and on some general dicta, that all actions founded on contract, survive. This position is too general. If true, it must extend to contracts implied as well as expressed. Suppose the case of a physician or surgeon, who by unskilful treatment injures the health of a patient. Here is a breach of an implied contract; and yet it will hardly be contended, that in case of death, the cause of action would survive. It seems reasonable, therefore to confine the survivor of action, to cases in which actual property is affected, even though there be an express contract. A promise of marriage is undoubtedly a contract, though one of a singular nature. By its breach, the feelings of the injured party may be deeply wounded, but it is not perceived that his property is in any manner affected. 1 speak now of the case as stated on this record. I will not say, that there may not be cases, in which an immediate injury to property may be occasioned by the breach of a promise of marriage. And if special damage is set forth in the declaration and proved, I give no opinion whether an action might or might not be supported. But considering this contract in its general operation, where no special damage is alleged, it affects the hopes, the feelings, the imagination, the minds of the parties, without touching their property. And whether these hopes and feeling would have been gratified or disappointed by the fulfilment of the contract, it is beyond the reach of human sagacity to decide», It is not pretended that in, case of slaa *186 tier the action survives. Yet there the mental feelings may be as severely afflicted as by the loss of marriage. No benefit accrued to the estate of Rogers, by the mutual promises in this case. Neither had the plaintiff’ any interest of the nature of property after the breach of promise, although she had a right of action. Had she become insolvent and made a general assignment under our acts of assembly, this right' of action would not have passed to her assignees. Piad she died, and her executor had neglected to bring an action, he could not have been charged with a devastavit. In considering this question, it is an important circumstance, though by no means conclusive, that no such action has hitherto been supported; yet the case must have been of frequent occurrence. The only instance in which the point has been directly decided in the United States of America, was in t he case of Stebbins v. Palmer, (1 Pickering, 71,) where it was held by the Supreme Court of Massachusetts, that the action was not maintainable, but died with the person. The importance of the point has induced the court to give it full consideration,, and we are all decidedly of opinion that the action did not survive. The judgment is therefore to be reversed.
Judgment reversed.

See Chamberlain, Administrator of Chamberlain, v. Williamson, 2 Maule & Selw, 408, where it .was decided that an administrator cannot maintain an action on a promise of marriage to the intestate, where no special damage is alleged.