# BUFFALO SUPERIOR COURT.

## PAUL FRIED agt. THE NEW YORK CENTRAL RAILROAD COMPANY.

A right of action for *carelessly and negligently setting fire* to and burning up grass and fences, and hay stacked upon a farm, is *assignable*. (*An interesting review of rights of action under the statute which do and do not survive and go to the executor and administrator.*

*October General Term,* 1858.
*Present, Justices* VERPLANCK, MASTEN and CLINTON.
DEMURRER to the complaint.

J. C. STRONG, *for plaintiff.*
A. P. LANING, *for defendant.*

By the court, MASTEN, Justice. The action is for *carelessly and negligently setting* fire to and burning up grass and fences, and hay stacked upon a certain farm owned and possessed by one Robert Skilling. Skilling executed an assignment of his right of action to the plaintiff. The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The point relied upon is, that the right of action stated in the complaint is not assignable. The true test, by which to determine what of a personal nature is capable of being transferred by assignment, is established by DENIO, J., in *Zabriskie* agt. *Smith,* (3 *Kern. R.,* 322.) He says: "The power to assign, and to transmit to personal representatives, are convertible propositions." But, with all due respect, I think the learned judge arrived, in the case cited under the test he applied, at an erroneous conclusion by holding that nothing passed by the assignment from Gray to Zabriskie. Gray & Co. parted with their goods by sale and delivery to one Smith, who was insolvent, upon the strength of the false and deceitful representations of

the defendant that Smith was solvent and worthy of credit. This, while it was a personal right of action, affected the vendors in their property or estate. The learned judge held that such a right of action would not be transmitted to the executor or administrator. This was probably so, before the Revised Statutes of 1830. But those statutes made great and beneficial changes in the law in respect to the *rights* and *liabilities* to which the personal representatives of a deceased person succeed. The learned judge did not, in the opinion he delivered, make any reference to certain provisions of those statutes which have an important bearing upon the question he was considering. I think that he must have overlooked them. They are as follows:

" § 1. For *wrongs* done to the *property, rights or interests* of another, for which an action might be maintained against the wrong-doer, such action may be brought by *the person injured*, or, after his death, *by his executors or administrators* against such *wrong-doer ;* and after his death against his *executors or administrators*, in the same manner and with the like effect in all respects as actions founded on contract."

" § 2. But the preceding section shall not extend to actions for slander, for libel, or to actions of assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff or to the *person* of the testator or intestate of any executor or administrator." (2 *R. S.* 447.)

The words " rights and interests" in the first section not only in their largest and most extensive sense, but also in their common acceptation, include all the matters enumerated in the second section. That such was understood to be their signification, is evident from the necessity of introducing the second section. It seems to me that the two sections read together manifest an intent on the part of the legislature that the right to redress all unredressed actionable wrongs not enumerated in section two, should not die with the injured person or the wrong-doer, but should sur-

vive both. The revisors, in their note to these sections, remark, that " the maxim that a personal action dies with the person has long ceased to be true. * * There still remain some cases unprovided for. The instance of over-flowing lands ; of *deceits and false representations ;* of violat-ing duty by public officers, and sheriffs for escapes, &c., and many others, might be mentioned in which parties are remediless. The *exceptions,* it is believed, are *all* that should be made." (3 *R. S.,* 649, 750 *and* 781.) It is plain from the context that the expression, " actions on the case for injuries to the person," is used in its literal sense, and not in the same sense or meaning with personal right of action. In cases of slander, libel, assault and battery, or false imprisonment, there may be and usually is damage to both the person and to the estate. But I apprehend the executor could not maintain an action for the injury to the clothes of his testator in the assault ; nor for the money necessarily expended in his cure ; nor for the profits of business or the wages of labor lost by reason of the slan-der, the libel, the battery or the imprisonment. For the gist of the several actions is injury to the person, and the other matters are mere aggravation of the damages. And it seems to me that " actions on the case for injuries to the person" must, under our statutes, stand upon the same principles. If, upon legal rules, injury to the person is the gist of the action, and injury to property or to pecuniary interests is merely matter of aggravation, the right of ac-tion dies with the person. But if, upon legal principles and analogies, the gist of the action can be injury to pro-perty or to pecuniary rights or interests, the right of action is transmitted to the personal representatives, who may recover to the extent that the wrong touched the estate of the deceased. When a man is defrauded out of his goods by false and deceitful representations, is he not touched in his estate or pecuniary interests ? Why, the gist of the action is injury in that respect, and not " personal suffer-

ings, mental or corporeal." He could not even aggravate his damages by reason of mental distress or bodily suffering occasioned by the poverty to which the fraud had reduced him. The statutes also contain the following provision :
· " § 4. Executors and administrators shall have action of *trespass* against any person who shall have wasted, *destroyed*, taken or carried away, or converted to his own use, the goods of their testator or intestate in his lifetime. They may also maintain actions for *trespass* committed on the real estate of the deceased in his lifetime." (2 *R. S.*, 114.)
. This is a remedial statute, and is to be liberally construed, (*Snider* agt. *Croy*, 2 *John. R.*, 227 ;) and the term trespass used in it is, in respect to the subject matter, to be construed in its most extensive signification, (*Toller's Law of Executors*, 158 ; 1 *Chitty's Plead.*, 57 ;) and in that signification includes every description of wrong to the goods or real estate of the testator or intestate, without regard to the form of the remedy. (1 *Chitty's Plead.*, 162.) Trespass (*transgressio*) is any transgression of the law less than treason, felony, or misprison of either ; but it is most constantly used for that wrong or damage which is done by one private man to another, whether it relates to his person or his property ; in which signification it is of two sorts—trespass general, otherwise called *vi et armis* ; and trespass special, or upon the case. (*Law Dictionary, title, Trespass* ; 3 *Blacks. Com.*, 208.)
The right of action stated in the complaint is assignable, and the plaintiff is entitled to judgment.