MARY E. WADE, Appellant, *v.* MARTIN KALBFLEISCH,
Respondent.

An action for a breach of promise of marriage is not an action upon a
contract, within the meaning of the provisions of the Revised Statutes
(2 R. S., 113, §§ 2, 3), authorizing the maintenance of actions upon con-
tracts made by a deceased person by and against his executors or adminis-
trators. Nor is such an action within the provisions (2 R. S., 447, §§ 1, 2)
authorizing an action by or against executors or administrators for
wrongs done to property rights or interests. It does not relate to prop-
erty interests but to personal injuries.

Such a cause of action, therefore, does not survive, and cannot be revived
against the executors or administrators of the promissor. (RAPALLO,
J., dissenting.)

(Argued June 16, 1874; decided September 22, 1874.)

APPEAL from order of the General Term of the City Court
of Brooklyn, affirming an order of Special Term denying a
motion to revive the action against the executors of the defend-
ant, now deceased.

The action was for a breach of promise of marriage.

*Nathaniel C. Moak* for the appellant. The cause of action
survived and the court below should have ordered a revivor
of the action against the defendants. (*McDonald* v. *Walsh,*
5 Abb. Pr., 68; *McNiff* v. *Short,* 14 How., 463; *Cheever* v.
*Arnold,* 15 N. Y., 345; 2 R. S., 138, § 1; 2 Edms. Stat.,
144; *Clayton* v. *Wardell,* 4 N. Y., 230; *Mellen* v. *Baldwin,*
4 Mass., 481; *Greene* v. *Watkins,* 6 Wheat., 260; *Macker's
Heirs* v. *Thomas,* 7 id., 530; *Hatch* v. *Eustis,* 1 Gal., 162,

163; Jacob's L. Dic., title "*Scire facias;*" *Potter* v. *Van Vranken*, 36 N. Y., 619; Code, § 121; 1 R. L. 1813, 311, § 5; 2 R. S., 113, §§ 2, 3; 2 Edms. Stat. at Large, 117; 5 Edms. Stat., 646.) Plaintiff became vested with a right of action for a breach of contract when the testator refused to marry her. (*Frost* v. *Knight*, 1 Eng. R., 218; L. R. [7 Exch.], 111; *Burtis* v. *Thompson*, 50 N. Y., 246; *Haines* v. *Tucker*, 50 N. H., 307; *Southard* v. *Rexford*, 6 Cow., 254; Smith's Manual of Com. Law, 397 [1st Am. ed., 333]; 2 Pars. on Con. [6th ed.], 533; *Stubbs* v. *Hollywell*, L. R. [2 Exch.], 311; *McKnight* v. *Dunlop*, 5 N. Y., 537; *Clarke* v. *Meigs*, 10 Bosw., 338; *Christianson* v. *Sinford*, 19 Abb. Pr., 223; *Cutler* v. *Smith*, 43 Vt., 577.) If the cause of action were founded upon a wrong it would survive. (2 R. S., 447; 2 Edms. Stat., 467; *Haight* v. *Haight*, 19 N. Y., 467, 468; *Fried* v. *N. Y. C. R. R. Co.*, 25 How. Pr., 286, 287; *Barnes* v. *Buck*, 1 Lans., 269; *Thorn* v. *Knapp*, 42 N. Y., 477; *Smith* v. *Shuman*, 4 Cush., 408; *Dillenbeck* v. *Waffle*, 39 Barb., 133.)

*W. A. Beach* for the respondent. The right of action stated in the complaint is for a personal tort and did not survive the death of defendants' testator. (*Zabriskie* v. *Smith*, 13 N. Y., 334; *Barnes* v. *Buck*, 1 Lans., 268; *Chamberlain* v. *Williamson*, 2 M. & S., 408; *Stebbins* v. *Palmer*, 1 Pick., 71; *Smith* v. *Sherman*, 4 Cush., 408; *Moore* v. *Jones*, 23 Vt., 739, 744.) The statute continuing the right of action for certain wrongs does not embrace one arising out of a marriage promise. (2 R. S., 447, §§ 1, 2.)

CHURCH, Ch. J. The question involved in the order appealed from is, whether an action for a breach of promise of marriage can be revived against the executors or administrators of the promissor. Originally, at common law, all actions abated by the death of a sole plaintiff or defendant, and if the cause of action survived, a new writ was necessary. This rule has been somewhat modified in England by

statute and judicial decisions. (13 N. Y., 333.) In this State, it is regulated by statute. The Code (sec. 121) provides that no action shall abate by the death, marriage or other disability of a party * * * if the cause of action survive or continue. Second Revised Statutes, 113, provides, that actions of account and "*all other actions upon contract* may be maintained by and against executors in all cases in which the same might have been maintained by or against their respective testators." A like provision extends to administrators. It is indispensable, therefore, to determine whether this is an action upon contract, within the meaning of this statute. The general statute, "that marriage, so far as its validity in law is concerned, shall continue in this State a civil contract, to which the consent of parties, capable in law of contracting, shall be essential," is not decisive of the question. (2 R. S., 138.) This statute declares it a civil contract, as distinguished from a religious sacrament, and makes the element of consent necessary to its legal validity, but its nature, attributes and distinguishing features it does not interfere with, or attempt to define. It is declared a civil contract for certain purposes, but it is not thereby made synonymous with the word contract employed in the common law or statutes. In this State, and at common law, it may be entered into by persons respectively of fourteen and twelve. It cannot be dissolved by the parties when consummated, nor released with or without consideration. The relation is always regulated by government. It is more than a contract. It requires certain acts of the parties to constitute marriage, independent of and beyond the contract. It partakes more of the character of an institution regulated and controlled by public authority, upon principles of public policy, for the benefit of the community. Kent says : " It has its foundation in nature, and is the only lawful relation by which Providence has permitted the continuance of the race." (2 Kent Com., 75.) Judge STORY says : " But it appears to me to be something more than a mere contract. It is rather to be deemed an institution of society, founded upon the consent and con-

tract of the parties." (Story on Con. of Laws, § 108, note.) He quotes, approvingly, a distinguished Scottish judge: "That marriage is *sui generis* and differing in some respects from all other contracts, so that the rules of law which are applicable in expounding and enforcing other contracts may not apply to this." (Sec. 109.) In *Ditson* v. *Ditson* (4 R. I., 87, 101), the court say: "In strictness, though formed by contract, it signifies the relation of husband and wife, deriving both its rights and duties from a source higher than any contract which they can make." It has been held not to be a contract within the provision of the United States Constitution, prohibiting States from passing laws impairing the obligations of contracts. (5 Barb., 480; 6 Conn., 540; 7 Dana, 181; 4 R. I., 87.) MASON, J., in 5 Barbour, 480, concludes his opinion by saying, that "the marriage relation is not created by what we understand to be a contract, in the strict common-law sense of that term." LAMONT, J., in 1 Lansing, 268, held, that it is not a contract within the meaning of the attachment laws. The marriage relation is essentially personal. Neither the rights, duties nor obligations created by or flowing from it can be transferred, and the action scarcely resembles, in its main features, an action upon contract. In actions on contract the damages are limited by a fixed rule to the pecuniary loss sustained, while in this the damages are in the discretion of the jury, to the same extent as in strictly personal actions, such as slander, malicious prosecution, assault and battery and the like; and the recovery may be, and usually is, principally for injured feelings, anxiety of mind, wounded pride and blighted affections. (L. R. [1 C. P.], 331; 87 E. C. L., 659; 42 N. Y., 474; 45 Maine, 348; 8 Barb., 326; 15 N. Y., 353.)

In actions on contract the motives for violation are immaterial. In this action, the motives and conduct of the defendant and other extrinsic circumstances may be given in evidence, in mitigation or aggravation, and punitive damages may be recovered (8 Barb., 326), while in actions on contract they are not allowed. (Sedg. on Dam., 226.) So the habits,

character and conduct of the plaintiff may be shown in defence or mitigation of damages. (5 Abb. [N. S.], 29.) In short, looking at the substance of the action, no court would be justified in holding that it is an action upon contract, within the meaning of the statute referred to.

The learned counsel suggested, that upon a trial against executors or administrators the personal elements of the action might be eliminated, and a recovery confined to the pecuniary loss for support, dower, etc. There is no precedent for such a proceeding, and no principle upon which it could be adopted. For some purposes, where the relation exists, the pecuniary rights of the wife are estimated and protected by the courts. But, what would be the rule of pecuniary loss hypothetically sustained for support? Would it be competent to prove the value of the defendant's property? Such evidence is admitted in this action, not to prove the pecuniary loss for support, but to show what the station of the plaintiff in society would have been, which is purely a personal grievance and injury. (25 E. C. L., 590.) The counsel likened it to an employment for a term of years at a fixed salary, and contract broken by the employer without cause. If it could be thus transformed, it would be competent to show, in defence, that the plaintiff had an opportunity to contract an equally eligible marriage with another person, and the plea of the want of affinity or affection would not avail. As to dower, there could be no certainty to base a recovery upon. It would have been competent for the defendant to have disposed of all real estate before marriage, and all personal estate before death. Aside from these considerations, suggested to show the novelty, if not the absurdity of such a trial, the brief answer to this point is, that the action is from its peculiar nature indivisible. If revived at all it must be revived as an entirety. If its personal features are abandoned the incidents only remain. The circumstances relative to the property and standing of the defendant are admissible upon the question of damages, but they are inci-

dental and subordinate, and so complicated with personal injuries as to render their separation impracticable.

It is also urged, that if this is not an action upon contract it may be revived under the provisions of 2 Revised Statutes, 447, which provide, that "for wrongs done to property rights or interests" an action may be maintained by or against executors, etc., except actions for slander, libel, assault and battery, false imprisonment, and actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate. The views before expressed dispose of this point. The wrongs for which this statute authorizes an action to be brought by or against executors are such as affect property or property rights and interests, or in other words, such as affect the estate. The statute is mutual, and actions may be brought not only against, but by executors, etc. Executors represent property only. They can take only such rights of action as affect property, and cannot recover for injuries for personal wrongs. If this statute had intended to reach this class of wrongs we must presume that it would have been so expressed. The general language does not embrace them. Although, in form, this action resembles an action on contract, in substance it falls within the definition of the exception, as an action on the case for personal injuries.

It is unnecessary to classify it. It is properly termed *sui generis*. The form of the action is not material. The controlling consideration is, that it does not relate to property interests, but to personal injuries. In *Zabriskie* v. *Smith* (13 N. Y. 322), DENIO, J., in delivering the opinion of the court, specifies this as an action where the damage consists entirely of personal suffering, and cannot, therefore, be revived.

It is said, in 25 Howard's Practice Reports, 286, that *Zabriskie* v. *Smith* was wrongly decided, in consequence of overlooking the statute last referred to. Whether this is so or not, as to the action there involved, the opinion respecting the nature of this action remains unimpaired. The precise point presented in this case has never been determined in this State, although the facts involved must have existed. This

furnishes some evidence that the common-law maxim *actio personalis moritur cum persona* is regarded by the profession as applicable to this action, notwithstanding the statutes. No case has been cited from any source where any court has permitted a revivor of such an action. On the contrary, every court where the question has been presented, so far as I have examined, has decided adversely. (2 Maule & Sel., 408; 1 Pick. [18 Mass.], 71; 4 Cush. [58 Mass.], 408; 13 Serg. & Rawle, 183.) These decisions were based upon the nature of the action, and are legitimate authorities upon the question in this State. Our statutes do not weaken their force. Upon precedent, therefore, as well as principle, the order should be affirmed.

All concur, except RAPALLO, J., dissenting.

Order affirmed.