By the Court.—Monell, Ch. J.
The Code (§ 121) provides that no action shall abate by the death of a party if the cause of action survive or continue ; and the only question before the special term and upon this appeal is, whether the cause of action, as stated in. the complaint, ceased with the death of the defendant.
Upon that question there has been no change in the law since the adoption of the Revised Statutes. The Code has merely extended the right to a revival of the action before as well as after trial or interlocutory judgment. Under the Revised Statutes, if the death of a sole defendant occurred before trial, the action abated, and a new action had to be commenced against the representatives.
But whether under the Revised Statutes or under the Code, the question is the same, namely, whether the cause of action survives.
This action is prosecuted under the authority of a *459 special statute (Laws 1875, chap. 49), which provides, that where any money or property owned officially by any municipal corporation has, without right, been obtained, received, converted, or disposed of, the People shall have a right of action for the same, and for any damages by reason of such obtaining, &c.
The cause of action specified in the statute is the wrongful obtaining of the money or property of a municipal corporation: and,—leaving out the tortious taking,—is a mere action for money had and received to the use of the corporation. And the only benefit of the statute is to enable the People to maintain the action, which previously to the statute could not be done (People v. Ingersoll, 58 N. Y. R. 1).
It is not of much importance to determine whether the tortiqibs taking is or is not an essential element in the cause of action, except perhaps as it may affect the status of the plaintiffs. Money or property of a municipal corporation received by one of its officials or agents must be deemed to have been received and to be held by such agents to the use of the corporation, who, ordinarily, may maintain an action for its recovery without alleging a tortious taking. But the right of action being conferred by statute, it can not be extended beyond the cause of action specified in the statute, and probably must conform strictly with the statute.
The cause of action specified in the statute is one which does not cease with the death of the official or agent charged with having obtained the money of a municipal corporation. Whether he obtained it without right;” or having obtained it rightfully, withheld it wrongfully, it was the money of his principal, held by him to his principal’s use, and as such became assets in the hands of his representatives.
Notwithstanding the words in the statute without *460 right, ” the action may be regarded as one founded on an implied contract, which arises from the relation of the defendant to the corporation, under which, having received the money or property of the corporation, the law will imply a promise to pay. And even, therefore, if a wrongful taking was an essential ingredient, there could be no good reason why the People might not, as in other cases, waive the tort, and demand a recovery upon the implied promise.
The test mentioned in the Revised Statutes concerning the abatement of suits (2 R. S. 387, § 3), that it shall not abate, if the action might be originally brought against the executors of the defendant, when applied to the cause of action upon or for which the People is authorized to prosecute, détermines, it seems to me, the whole question.
Can it be doubted that for such a cause of action a suit might have been originally brought against the defendant’s executors ?
The distinction between actions which survive and such as die with the person is defined in Hambly v. Trott (Comp. 371). Where the cause of action is money due, or a contract to be performed, or gain or acquisition by the labor or property of andther, or on a promise expressed or implied by the testator, the action survives ; otherwise, if it is a tort. And in Franklyn v. Low (1 J. R. 396) the distinction was preserved, and the survivorship of actions confined to actions ex contraetu express or implied.
That decision, however, was before the Revised Statutes, to which I shall presently refer.
If the cause of action mentioned in the act of 1875 is such that it would survive against the representatives of a deceased defendant,- then it remains only to see whether the cause of "action as stated in the complaint is the same.
The allegations in the complaint are, in substance, *461 that the defendant was the head of the bureau for the collection of assessments in this city, clothed with the duty of collecting the assessments charged for the improvement of real-estate, and the paying over of the moneys collected to the city chamberlain. That, by ordinance, the collector was to receive as compensation a specified percentage of the money collected, but no moneys collected on any assessment could be retained on account of such compensation, but that such compensation should be paid on the requisition of the street commissioner to the extent of any money which had been collected and paid into the city treasury. It is then alleged that in sundry assessment-lists for improvements large amounts were charged to the city of New York, which were not such assessments as entitled the defendant to any compensation thereon. That notwithstanding, the defendant made bills or vouchers therefor, and obtained and received from the city his percentages thereon. That the officers paying such sums had no right or authority to pay, and did so in violation of law. All of which the defendant well knew. Fraud and deceit on the part of the defendant in receiving, and of the officers in paying, is also alleged.
To summarize—the action is to recover money paid to and received by the defendant, without any legal right to demand its payment, and to which he had no legal claim.
Such a statement of facts makes it a cause of action to recover money owned by a municipal corporation, which has, without right, been obtained without lawful compensation for the same being duly made, and is literally within the statute. And such a cause of action survives against the personal representatives of the deceased defendant.
But even if the fraud and deceit alleged in the *462 complaint was an essential and necessary part of the cause of action, it would not change the result.
It is provided (2 R. S. 447, § 1). that for wrongs to property, rights, or interests, an action may be brought against the representative. And the second section explains the character of the wrongs intended by the statute.
That statute, it has been held, changed the law so far as property or relative rights are affected by the wrongful act (Haight v. Hayt, 19 N. Y. 464), and the meaning attached to the second section is, that the exceptions mentioned manifest the intention of the legislature, that all other actions founded upon tort should survive (Fried v. N. Y. Cent. R. R. Co., 25 How. Pr. 285; Wade v. Kalbfleisch, 58 N. Y. 282). fn. the latter case the statute is construed to mean wrongs which affect property or property rights and interests, or, in other words, such as affect the estate.
The object of the plaintiff is to recover from the de-. fendant money wrongfully obtained by him, and necessarily affects his property rights and interests, and upon his death necessarily affects his estate. Had the action been deferred until his death, I am quite clear that under the statute referred to (2 R. S. 447, § 1), it could have been maintained against his administratrix. Hence under the same authority it can now be revived.
The remaining reason urged by the appellants, that this being a statutory action, it does not survive, I can not appreciate the force of. The statute does not create the cause of action, but merely subrogates the People to the rights, either exclusively or co-equally, with the municipal corporation. In that respect, as well as in all other respects, the statutes and the principles of law applicable to other cases and causes of action apply to this case and govern it. This action *463 is not penal nor of a penal nature; and, therefore, unlike the case of the Bank of California v. Collins ( 5 Hun, 209) to which we were referred.
I think the order below was right and should be affirmed with costs.
Sedgwick, J., concurred.