CONSTANCE B. PRICE, Appellant, v. WALTER W. PRICE, Respondent.

*Marriage procured by fraud — action to recover damages for — does not survive.*

The defendant, by fraudulent representations that his first wife was dead, induced the plaintiff to marry him. Subsequently he abandoned her, and had the marriage annulled on the ground that his first wife was still living ; and this action was brought by her to recover damages for his fraud and deceit. The defendant died before trial. *Held,* that the cause of action did not survive against his executor.

Appeal from an order made at the Special Term, denying a motion to revive the action and to substitute the personal representatives of the deceased defendant in his place.

*Roger A. Pryor*, for the appellant. The action did not abate by the death of the defendant. (*Bond* v. *Smith*, 4 Hun, 48, 49 ; *Smith* v. *New York, etc.*, 28 Barb., 608 ; *Haight* v. *Haight*, 19 N. Y., 468 ; *Fried* v. *New York, etc.*, 25 How., 2, 86 ; *Graves* v. *Spier*, 58 Barb., 385 ; *Dininny* v. *Fay*, 38 id., 20 ; *Bank* v. *Collins*, 5 Hun, 211 ; *State* v. *Starkweather*, 8 Jones & S., 462 ; *Zabriskie* v. *Smith*, 13 N. Y., 322 ; *Arthur* v. *Griswald*, 5 T. & C., 696 ; *Moore* v. *Bennett*, 65 Barb., 339 ; *Heinmuller* v. *Gray*, 44 How., 260.)

*S. Brown*, for the respondent. The provisions of the Revised Statutes (2 R. S., 448, §§ 1, 2) only allow the continuance of those actions for wrongs which injuriously affect the *estate* of the party injured, and not for any of those which fall within the excepted cases enumerated in the second section. Hence such causes of action as *crim. con.*, seduction, breach of promise of marriage, and all injuries to the person, personal feelings or character, do not survive or continue, nor are such causes of action assignable. (*Wade* v. *Kalbfleisch*, 58 N. Y., 282 ; *People* v. *Tioga C. P.*, 19 Wend., 73 ; *Butler* v. *N. Y. and E. R. R.*, 22 Barb., 110 ; *Meech* v. *Stoner*, 19 N. Y., 29 ; *Chamberlain* v. *Williamson*, 2 Maule. & Selw., 408 ; *Hodgman* v. *Western R. R. Co.*, 7 How. Pr., 492 ; *Fried* v. *N. Y. C. R. R. Co.*, 25 id., 285 ; *Purple* v. *Hudson R.*

*R. R. Co.*, 4 Duer, 74; 29 Ga., 61; 5 Abb. [N. S.], 331; 2 Bosw., 277.) The following cases were for deceit, and no *specific* property or property rights were affected by the fraud, and it was held the causes of action did not survive, and were not assignable. (*Zabriskie* v. *Smith*, 3 Kern., 332–336; *Hyslop* v. *Randall*, 4 Duer, 660; *Lamphire* v. *Hall*, 26 How. Pr., 509; *Read* v. *Hatch*, 19 Pick., 47.) " It is a general rule that a right of action which upon the death of a party would pass to his executors, as a part of his assets, is assignable, and that the power to assign and transmit to personal representatives are convertible propositions." This is the test. (3 Kern., 322; 22 Barb., 110; 25 How., Pr., 285; 14 Abb., 178.)

BARNARD, P. J.:

The defendant by fraudulent means induced plaintiff to marry him. He represented that he had the right to marry ; that his former wife was dead. He thereby procured the plaintiff to consent to a marriage which was solemnized in due form. Three children were born of the marriage. Defendant then made false charges against the plaintiff and drove her from his house, and finally procured a decree annulling the marriage because his first wife was living while it was solemnized. The plaintiff commenced this action to recover damages for this fraud and before the case was tried the defendant died. The plaintiff seeks to continue the action against the defendant's executors.

By 2 Revised Statutes 447 and 448, it is provided :

Section 1. " For wrongs done to the property, rights or interests of another for which an action might be maintained against the wrong-doer such action may be brought by the person injured or after his death, by his executors or administrators against such wrong-doers and after his death against his executors or administrators in the same manner and with the like effect in all respects as actions founded upon contracts."

Section 2. " But the preceding section shall not extend to actions for slander, for libel, or to actions of assault and battery, or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator."

I think this case not one which is permitted to be continued after

the death of either party under those two sections. The Court of
Appeals in *Wade* v. *Kalbfleisch* (58 N. Y., 285), have decided that
the class of wrongs described in the first section which were author-
ized by it to be continued after the death of the wrong-doer must
be such as to effect property or property rights and interests, or, in
other words, such as effect the estate. If the plaintiff should have
died before defendant, I know of no authority which would permit
her executors to continue this action against the defendant. If the
plaintiff is right in her application, such a result would follow her
death. The second section expressly excludes the plaintiff's case
from those saved by section one. The technical name for the action
under the practice which prevailed when the statute was enacted,
was case for personal injuries, and that is excluded by section 2.

Order should be affirmed with costs.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Order affirmed with costs and disbursements.