# CITY COURT OF BROOKLYN.

## JAMES CREGIN agt. BROOKLYN CROSS TOWN RAILROAD COMPANY.

*Revivor — Survivorship — Action by husband against railroad company to recover for loss of services and medical attendance of wife who was injured through negligence.*

A cause of action in favor of a husband against a railroad company for the loss of services of his wife who was injured while in the act of getting off the cars, while a passenger, through the negligence of the company, survives and may be revived and continued in the name of the administrator.

The cause of action is for a wrong done to "the property, rights or interests" of the husband and survives to his personal representatives.

*General Term, May,* 1878.

THIS was an action brought by the husband (the plaintiff above named) to recover for loss of services of his wife in consequence of injuries received, she being at the time a passenger upon the defendant's cars for hire.

Such damage is alleged to consist of expenses incurred and to be incurred for medical attendance, &c., together with the following allegation of damage :

"Seventh. That the plaintiff has, ever since said injuries were received, been deprived of the comforts and services of his said wife, and will, he verily believes, permanently be deprived of the same by reason of the premises, all to the damage of the plaintiff the sum of ten thousand dollars."

The action was commenced on or about the 11th day of September, 1877. Issue was joined by the service of the

defendant's answer on the 1st day of October, 1877. After this action was commenced, to wit, on the 11th day of February, 1878, the plaintiff, James Cregin, died intestate, and on the 1st day of March, 1878, letters of administration upon the estate of said James Cregin, deceased, were duly made and issued by the surrogate of the county of Kings to Thomas Cregin, who qualified and entered upon his duties as such administrator. On motion that this action be continued in the name of Thomas Cregin, administrator, &c., the following opinion was rendered :

*Special Term, April,* 1878.

REYNOLDS, *J.* — This is a motion to revive a suit brought by a husband for damages sustained by him in consequence of injuries to his wife, the husband having died pending the action.

The Revised Statutes (*Banks'* 5*th ed., vol* 3, *p* 746, *sec.* 1) provides that " for wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or after his death by his executors or administrators, against such wrong-doer," &c. Section 2 provides that " the preceding section shall not extend to actions for slander, for libel, or to actions of assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff or to the person of the testator or intestate of any executor or administrator."

When a married woman is injured by a wrong-doer two distinct causes of action arise from the same wrongful act : one for the injury to the person, which cause of action belongs to the wife, and the other for loss of services and expenses of medical attendance, &c., which belongs to the husband. This last is embraced within the plain terms of section 1 above quoted. It is for a wrong done to " the property, rights or interests " of the husband and survives to his personal repre-

sentatives. It is not a mere incident of the wife's cause of action but is an independent claim arising, it is true, from the same injury, but resting on grounds of its own. "The person injured," in the meaning of section 1, is the person whose "property, rights or interests" are affected. Nor does the claim come under the restriction contained in section 2. It is not an action for "injuries *to the person of the plaintiff*, or to the person of the testator or intestate of any executor or administrator." This language plainly means *personal* injuries (as distinguished from injuries to property rights) inflicted upon the one who himself, or whose executor or administrator, brings the action. It would apply to the claim of the wife but not to that of the husband.

This view is not in conflict with the decision in *Wade* agt. *Kalbfleisch* (58 *N. Y.*, 282). That action was held not to survive on the ground that it did not relate to property interests but to personal injuries.

I am referred to the case of *George* agt. *Van Horn* (9 *Barb.*, 523) where it is said that the executors or administrators of a deceased father or master cannot maintain an action for the seduction of his daughter or servant in his lifetime. That was not the case before the court, and so far as such an action may be supposed to be for actual loss of service or expense I must take the liberty of differing from the dictum above referred to. But as such actions, while technically founded on loss of service, &c., are allowed to be the means of redress for injured feelings and disgrace, they do, in that aspect, die with the person injured. This is evidently what the judge meant. He says "they (the executors or administrators) cannot represent his aggravated feelings and the personal disgrace heaped upon him by such events. These causes of action are purely personal and like assaults, libel and slander die with the person."

This reasoning does not apply to the case in hand. I think this cause of action survives. The motion is therefore granted, with ten dollars costs to abide event.

On appeal to the general term from the order continuing the action in the name of the administrator:

*J. Warren Lawton*, for plaintiff and respondent, made and argued the following points:

It is provided as follows by 3 Revised Statutes (*Bank's 6th ed., p.* 732 [448], *tit.* 3, *art.* 1):

Section 1. For wrongs done to the property, rights or interest of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or after his death, by his executors or administrators against such wrong-doer, and after his death, against his executors or administrators in the same manner and with like effect, in all respects, as actions founded upon contract.

Section 2. But the preceding section shall not extend to actions for slander, for libel or to actions for assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff or to the person of the testator or intestate of any executor or administrator.

And by Code of Civil Procedure.

Section 757. (Amended 1877.) In case of the death of a sole plaintiff or defendant, if the cause of action survives or continues, the court must, upon a supplemental summons and complaint, or in its discretion, upon a motion, if made within one year after the decedent's death, in a proper case, allow or compel the action to be continued by or against his representative or successor in interest.

I. The actions founded on tort, which do not survive, are limited to the exceptions in section 2 of Revised Statute (quoted above): *Haight* agt. *Hayt* (19 *N. Y.*, 467, 474); *Fried* agt. *New York Central Railroad Co.* (25 *How. Pr.*, 286, 288).

II. The cause of action here for loss of wife's services is a vested right.

III. This action arose out of assumpsit. Though in form for a wrong, it is founded on contract. It is founded on an

"engagement," and is technically a "claim" (*Campbell* agt. *Perkins*, 8 *N. Y.*, 438, 441; *Cox* agt. *N. Y. C. and H. R. R. R. Co.*, 63 *N. Y.*, 421).

IV. The order of special term was correct, and should be affirmed with costs.

*Britton & Ely*, for defendants and appellants.

NEILSON, *J.* — We think that the order should be affirmed on the ground stated in the opinion at special term.

The action was not brought to recover damages for a personal injury, but to obtain compensation for a pecuniary loss. Had it been tried in the lifetime of the plaintiff the verdict he might have obtained would not have been enhanced by the fact that his wife had suffered pain, or his own feelings been wounded by her condition, however sad or helpless. The verdict would have been as far removed from mere sentiment or sympathy, as most verdicts in respect to property are.

The question whether the claim survives or not, is governed by the statute (3 *Rev. St.*, 782, *secs.* 1 *and* 2).

This claim does not belong to either of the classes of actions mentioned in the second section. It does come within the first section, as the recovery sought is for the expenses of medical attendance, and for loss of service. The character of the action is not affected by the usual formula of the pleader as to the loss of the comfort and society of the wife; no additional element is thus brought in for which damages could be allowed.

The actions which survive are for *wrongs done to the property, rights or interests* of the party; a comprehensive description. The intent was to reach cases where the subject of the action was something more or other than mere property, commonly so called. If not, why were the words, *rights* or *interests* used. The plaintiff had *a right* to the services of his wife; the wrong affected his interests, as he was bound to pay for medical attendance.

I see no reason why a less liberal construction should be

Cregin agt. Brooklyn Cross Town Railroad Company.

given to the statute. It would, indeed, be hard and inequitable, if a claim which the intestate had against the wrong-doer for such nursing and medical attendance, died with his person, although paid or yet payable out of his estate. In such an instance the statute favors the remedy, which works out, at most, a mere indemnity.

McCUE, J., concurred.