JOHN H. HOLLIDAY, APPELLANT, *v.* TIMOTHY D. PARKER, AS EXECUTOR, &c., OF JOHN W. GOULD, DECEASED, RESPONDENT.

*Action for seduction—abates on the defendant's death, and cannot be revived.*

An action by a father to recover the damages occasioned by the seduction of his daughter, is an action on the case in tort, and is abated by the death of the defendant, and cannot be revived against his executors or administrators. (LEARNED, P. J., dissenting.)

APPEAL from an order made at a Circuit, dismissing the plaintiff's complaint upon the ground that it did not state facts sufficient to constitute a cause of action against the defendant herein, and from the judgment entered on the said order.

The complaint alleged, as the cause of action, that the defendant's testator did in his lifetime wrongfully, willfully, wickedly and maliciously seduce and debauch the infant daughter and servant of the plaintiff, and did thereby deprive the plaintiff of the services of his said daughter, and caused him to expend large sums of money in procuring medical aid and assistance for his said daughter, and that he was caused thereby great anxiety, solicitude and affliction, and that he, plaintiff, suffered great disgrace in consequence thereof, and claimed damages in this action for his personal anxiety, solicitude, affliction and disgrace, as well as for the loss of services and expenses incurred.

*Solomon Bundy*, for the appellant.

*David H. Knapp*, for the respondent.

BOCKES, J. :

We are of the opinion that the decision in *Wade* v. *Kalbfleisch,* (58 N. Y., 282) sustains the ruling of the learned judge at the Circuit. The reasoning of the court in the case cited seems entirely conclusive of the question here presented. The action in that case was based on contract—contract of marriage. It was held that notwithstanding this, the action in its essential and controlling features

was in tort for an injury to the person of the plaintiff, hence that it abated on the defendant's decease, and could not be revived against his executors or administrators.

The action here, for seduction, is an action on the case in tort ; and, like *Wade* v. *Kalbfleisch*, has a personal injury for its principal ingredient as a right of recovery. True, the right of action is made technically to depend upon loss of service ; but, as was said in the case cited, the damages are not measured by the pecuniary loss sustained ; but "are in the discretion of the jury to the same extent as in strictly personal actions, such as slander, malicious prosecution, assault and battery and the like ; and the recovery may be, and usually is, principally for injured feelings, anxiety of mind, wounded pride and blighted affections " (p. 285). The point urged in the case in hand is that the right of action to the extent of the actual damages sustained, is based on a wrong "done to property rights or interests." This precise point was urged in *Wade* v. *Kalbfleisch*. Speaking to which Judge CHURCH said : "The learned counsel suggested, that upon a trial against the executors or administrators, the personal elements of the action might be eliminated, and a recovery confined to the pecuniary loss." The learned judge added : "There is no precedent for such a proceeding, and no principle upon which it could be adopted," and after considering the question somewhat in detail he further remarked : "aside from these considerations, suggested to show the novelty, if not the absurdity of such a trial, the brief answer to this point is that the action is from its peculiar nature indivisible. If revived at all, it must be revived in its entirety. If its personal features are abandoned, the incidents only remain." Again the learned judge says : "the controlling consideration is that it " (the action) "does not relate to property interests, but to personal interests." These remarks apply with full force to the case in hand, and the conclusion declared in the case cited must control the disposition of this. They are, too, in harmony with the line of argument pursued by Judge DENIO in *Lipe* v. *Eisenlerd* (32 N. Y., 229), and by POTTER, J., in *Damon* v. *Moore* (5 Lans., 454). So, too, in *Badgley* v. *Decker* (44 Barb., 577), it was laid down that the real gravamen of the action for seduction is not the

loss of service, but the mortification and disgrace of the family, and the wounded feelings of the plaintiff. Judge MASON there says: "All the modern cases hold that the legal gravamen of the action is not the real gravamen," and that it was often spoken of as an action "resting upon a fiction." It seems within all the cases that the right of action for seduction rests in personal tort and dies with the person. (*Price* v. *Price,* 11 Hun, 299 ; affirmed in Court of Appeals, 75 N. Y., 244 ; *Butler* v. *New York & Erie R. R. Co.,* 22 Barb., 110.) The above views are not at all in conflict with the decision in *Cregin* v. *B. C. R. R. Co.* (75 N. Y., 192).

We have seen that in an action for seduction the real gravamen of the action is the injury to the feelings, and that the pecuniary loss is a mere incident, only technically necessary to the right of action. In Cregin's case it was conceded that under those circumstances the right of action died with the person.

It is not suggested by the plaintiff's counsel in this case that a right of action for seduction is assignable. If not assignable, it would not survive to or against executors or administrators.

The judgment dismissing the complaint must be affirmed, with costs.

WESTBROOK, J. :

I concur in the foregoing opinion. It is true that the basis of an action of this character is loss of services, but it is only the basis. The damages recoverable are identical with those which follow a breach of promise to marry. *Wade* v. *Kalbfleisch* (58 N. Y., 282), is, therefore, directly in point, and the remarks of CHURCH, Ch. J., in that case (pp. 286, 287), as to allowing a recovery for some of the damages allowable in an action of that kind, and not for others, answer the argument that in this case the recovery could be confined to the injury resulting from simple loss of services.

LEARNED, P. J., dissenting :

I cannot agree with the foregoing opinion.

Rights of action survive unless they are excepted by 2 R. S., m. p. 448, § 2. The question is, whether the present is "an

action on the case for injuring to the person of the plaintiff." If not, it survives.

The ground of action is that the plaintiff was entitled to the services of his daughter, and was deprived thereof by the wrongful act of defendant's testator. (*Knight* v. *Wilcox*, 14 N. Y., 413.) An injury to such a right to her services is an injury to property. (*Whitney* v. *Hitchcock*, 4 Den., 461.) There is no injury whatever, to the person *of the plaintiff*. True; the plaintiff may recover for injury to his feelings. Such recovery is in the nature of punitive damages, such as are recovered in certain other cases. (*Bartley* v. *Richtmyer*, 4 N. Y., 38, 43, *et seq.*) The amount of damages which may be recovered, does not affect the nature of the action; which is for an injury to property, and not for an injury to the person. (*Dain* v. *Wycoff*, 7 N. Y., 191; *Ingerson* v. *Miller*, 47 Barb., 47.)

*Wade* v. *Kallfleisch* (58 N. Y., 282) is in harmony with this view. That was an action for breach of promise of marriage. It was not based on injury to any right of the plaintiff which had a *pecuniary value.* It was based solely on injury to the plaintiff's feelings; as an action of assault and battery would have been based on injury to the plaintiff's body. The only difficulty in that case was that the form of the action was on contract. And therefore, it was necessary to show that, *in fact,* it was not an action based on "wrong done to the property, rights or interests of another." (2 R. S., 447, § 1.)

A master, deprived of the services of a servant by the wrongful act of another, is injured in his property. (*Woodward* v. *Washburn*, 3 Den., 369.) So is the plaintiff in this case. (*Fried* v. *New York Central R. R. Co.*, 25 How. Pr., 285.) The husband, deprived of the services of his wife by a wrongful act, is injured in his property; and the right of action survives. (*Cregin* v. *Brooklyn Crosstown R. R. Co.*, 75 N. Y., 192; *Haight* v. *Hayt*, 19 N. Y., 464.)

In England it has even been held that the executor of a traveler on a railroad may recover for the expenses of medical attendance, and for loss to the estate on account of the testator's inability to work, when he had been injured by defendant's negligence.

*Bradshaw* v. *L. & Y. R. W. Co.*, L. R., 10 Com. Pl., 189.) And the distinction was drawn between such a case, and an action on breach of promise where the damages are purely personal. (*Chamberlain* v. *Williams*, 2 M. & S., 408.)

By the wrongful act of defendant's testator, the plaintiff lost, for a time, the services of his daughter, which were of pecuniary value to him. I think he should recover, although the wrong-doer is dead. It would be a strange doctrine that, if a robber forcibly and violently took from one's pocket a large sum of money, the robber's executors would not be liable to an action for the amount thus taken, for the reason that the action of assault and battery did not survive.

Judgment affirmed, with costs.