SAMUEL SCOTT, APPELLANT, *v.* ROBERT C. BROWN.

CAROLINE BROWN, AS EXECUTRIX, ETC., RESPONDENT.

*Abatement — when an action may be revived after the defendant's death —* 2 *R. S.,* 447, §§ 1, 2.

This action was brought against a plumber, for so negligently and improperly making certain repairs in the plaintiff's house as to allow the gas to escape from the sewer into the house, and to seriously injure the health of the plaintiff and that of his family. The complaint further alleged that, in addition to the said injuries, the plaintiff's five children were sickened and poisoned by the said gases; that three of them died, after a protracted illness, and that the plaintiff was put to great trouble and expense to provide necessary care, nursing and medical treatment, both for himself and his said children. The defendant having died after issue joined, the plaintiff moved to have the action revived against his executrix, and for leave to serve a supplemental complaint.

*Held,* that in so far as the action was brought to recover damages for the injuries occasioned to the plaintiff's person, it abated by the death of the defendant, but that in so far as it was brought to recover for the damages and expenses occasioned by the sickness of his children, it survived, and should be revived against the defendant's executrix.

APPEAL from an order denying a motion for leave to continue this action against Caroline Brown, as executrix of the last will and testament of Robert C. Brown, deceased.

*E. P. Wilder*, for the appellant.

*E. W. Southworth*, for the respondent.

DAVIS, P. J.:

This action was brought against Robert C. Brown, deceased, who was a plumber, for his so negligently and improperly making certain repairs to the plumbing of plaintiff's house, that poisonous gases arising from the sewer came into the house through a hole left in the waste-pipe, and seriously injured the health of the plaintiff and his family. The complaint, after alleging certain injuries to the plaintiff's own person, proceeds in paragraph five to allege as follows : " That in addition to the foregoing injuries, plaintiff's five children aforesaid were sickened and poisoned by said foul gases and exhalations, and three of said children finally, after a protracted illness, and notwithstanding the most careful medical treatment and care, died in consequence of said poisoning. That plaintiff was put to great trouble and expense to provide necessary care, nursing and medical treatment both for himself and for said children," etc. After issue joined the defendant died. A motion was made to revive the action against Caroline Brown, as executrix, and for leave to issue a supplementary complaint against her as such executrix. The motion was denied upon the sole ground that the cause of action alleged in the complaint did not survive.

Regarding the action as altogether one of tort for negligent performance of duty, the question whether or not it survives upon the the death of the defendant is controlled by statute.

The statute is in these words :

SECTION 1. " For wrongs done to the property, rights or interests of another for which an action may be maintained against the wrongdoer, such action may be brought by the person injured, or after his death by his executors or administrators against such wrongdoer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects as actions founded upon contract.

§ 2. But the preceding section shall not extend to actions for slander, for libel, or to actions of assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator." (2 R. S., 447, §§ 1 and 2.)

These sections present the plain and common case of a statute establishing a general rule, and plainly specifying the exceptions which

shall exist to the rule. The exceptions clearly make the case one for the application of the well known maxim, "*expressio unius est exclusio alterius ;*" and no other exceptions to the general rule are therefore to be allowed beyond those expressly specified. In looking at the exceptions we find that "actions on the case for injuries to the person of the plaintiff" are among them. The case before us would have been when the statute was adopted, an action on the case for injuries to the person of the plaintiff, in so far as it relates to his own personal injuries. It therefore would not be protected by the statute, but would abate upon the death of the defendant under the rule of the common law.

But the complaint also sets forth what would have been an action on the case for injuries, *not to the person of the plaintiff,* but to his five children, who, it is alleged, were sickened and poisoned by the foul gases and exhalations, whereby the plaintiff was put to great trouble and expense to provide necessary care, nursing and medical treatment for such children ; and he seeks to recover damages by reason of such care, trouble and expense.

This is a cause of action not at all within the exceptions of the statute, but clearly within its general provisions, for it alleges a wrong done by the defendant to the plaintiff's property, rights and interest, and not to his own person. It seems to us to be clearly covered by the case of *Oregan* v. *The Brooklyn Cross Town Railroad Company* (75 N. Y., 192), which was an action by a husband against a carrier of passengers, to recover for the loss of services of his wife and for expenses paid in consequence of injuries to her person, resulting from defendant's negligence while she was a passenger. In that case the Court of Appeals held that the action was grounded in tort. But they also held that it did not abate upon the death of the plaintiff, but might be revived in the name of his personal representative, because it was within the provisions of the Revised Statutes above cited preserved from abatement and was not included in the exceptions to that statute. That case cannot easily be distinguished from this.

*Wade* v. *Kalbfleisch* (58 N. Y., 282) can have no legitimate bearing upon the question before us. That was an action upon contract for breach of promise of marriage. It rested altogether upon contract, and could not be maintained at all without proof of the

contract. The statute really had nothing to do with the question, because *ex vi termini* it has no application to actions on contract. But it was held that, because under the established rules in respect of damages in such cases, the jury might (or might not) in their discretion, in addition to the pecuniary loss arising from the breach of the contract, give damages for injuries to the feelings and mental sufferings of the plaintiff, therefore the action should be regarded as one of injuries to the person, and would abate by the death of the plaintiff. There is no analogy between that case and the one before us, and we are therefore relieved from the duty of following it.

The relation of parent and child imposed upon the plaintiff the obligation to take care of the children in their sickness caused by the defendant's "wrongs," and to incur the expenses attendant upon such sickness and their death. These were pecuniary injuries formerly recoverable in an action on the case, and not arising from any injury to the person of the plaintiff. We do not see any difficulty in the case arising from the fact that in connection with such injuries there were also original causes of action for injuries to his own person united in the complaint. If the court below had allowed the motion to file the supplemental complaint, those causes of action would doubtless have been eliminated from the complaint, or if they were not, the executrix would have had her remedy either before or at the trial, as she might have been advised.

We think the motion below should not have been denied, and the order must be reversed and the motion granted, with ten dollars costs and disbursements of the appeal, but without costs of the court below.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order reversed and motion granted, with ten dollars costs and disbursements of the appeal.