Salvatore Musso, Respondent, *v.* Cassius J. Miller, Appellant.

Third Department, March 7, 1945.

*Wallace H. Sidney,* attorney for appellant.

*J. Howard McIsaac,* attorney for respondent.

*Per Curiam.* The defendant appeals from two orders of the Albany Special Term. One permitted the substitution of Victor E. Musso as administrator of the goods, chattels and credits of Salvatore Musso, deceased, as plaintiff in place of the intestate, the other denied the motion of the defendant to dismiss the action upon the ground that it had abated because of the death of the original plaintiff.

The action was brought for personal injury, and upon the trial the jury returned a verdict of no cause. The original plaintiff appealed from the judgment entered thereon which dismissed the complaint. The reversal was on the law. (*Musso* v. *Miller,* 265 App. Div. 57.) A new trial was directed. The plaintiff died before it was had. "After verdict, report or decision in an action to recover damages upon a cause of action which does not survive the death of a party, the action does not abate by the death of either party, but the subsequent proceedings are the same as in a case where the cause of action survives." (Civ. Prac. Act, § 89.) At common law all personal injury actions abate upon the death of the plaintiff. (*Wade* v. *Kalbfleisch,* 58 N. Y. 282.) The rule still obtains, except where there is a statute that provides for the survival of **the**

action.  (*Forte* v. *Locke Insulator Corp.*, 267 N. Y. 592, affg. 243 App. Div. 684; *Bernstein* v. *Queens County Jockey Club*, 222 App. Div. 191.)  In the *Forte* case which was for damages arising through negligence, the action had been tried and the jury had returned a verdict of no cause.  The plaintiff appealed but died before the argument.  It was determined that the action did not abate and that the representative was entitled to be substituted as plaintiff.  In the instant case there has been a verdict and a decision.  Therefore, under the literal reading of the quoted section of the Civil Practice Act, the action does not abate.

The orders should be affirmed, with costs in one appeal, and disbursements.

All concur.

Orders affirmed, with costs in one appeal, and disbursments.