Motion to dismiss filed April 13, allowed October 14, 1964

ROGERS *v.* LEHMAN ET AL

395 P. 2d 777

David P. Templeton and Dusenbery, Martin, Beatty & Parks, Portland, for the motion.

Alan R. Jack and Jack, Goodwin & Anicker, Oregon City, on behalf of appellant, contra.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL and DENECKE, Justices.

PER CURIAM.

Priscilla Rogers, appearing through her guardian ad litem, brought an action to recover damages for personal injuries. A verdict was returned for defendants. Plaintiff appeals from the judgment entered on that verdict. Defendants move to dismiss the appeal on the ground that plaintiff, Priscilla Rogers, died pending the appeal.

ORS 121.010 provides that "[a] cause of action arising out of an injury to the person dies with the person of either party * * * but the provisions of ORS . * * * 121.010 * * * shall not abate the action mentioned in ORS 13.090 * * *." ORS 13.090 provides as follows:

> "An action for a wrong shall not abate by the death of any party, after a verdict has been given therein, but the action shall proceed thereafter in the same manner as in cases where the cause of action survives."

Plaintiff contends that ORS 13.090 prevents the abatement of the action in this case. Defendants contend that ORS 13.090 is not applicable where the verdict is entered in favor of the defendant and the plaintiff dies pending an appeal from a judgment on that verdict.

Read literally, ORS 13.090 would keep the action alive after verdict whether the verdict was in favor of the defendant or the plaintiff. A similar New York statute was so construed. *Musso v. Miller*, 269 App Div 5, 54 NYS2d 86 (1945); *Forte v. Locke Insulator Corp.*, 267 NY 592, 196 NE 596 (1935). Contrariwise, however, similar legislation has been construed to preserve only a verdict for the plaintiff pending appeal. *Nicora v. Demosthenes*, 69 Nev 137, 234 P2d 253 (1952).

We have found nothing in the legislative history of ORS 13.090 disclosing the reason for its enactment. It seems most likely that ORS 13.090 was intended to merge the cause of action in the verdict so that it would be saved from abatement if the plaintiff should die between verdict and judgment.

If the statute is construed to prevent abatement where the verdict is for either the plaintiff or the defendant, then it is difficult to understand why the verdict was chosen as the crucial event in the course of the proceedings to mark the preservation of the plaintiff's action. As the defendants point out, if the statute is construed to apply to a verdict for defendant, it would place a plaintiff who dies after his claim has been rejected by the jury in a more favorable position than a plaintiff who dies prior to verdict. Further, it would be necessary to conclude that if plaintiff on appeal succeeded in setting aside a verdict for the defendant, a new action could be filed in which it would be clear that the verdict could not be entered before the original plaintiff's death.

We have concluded that ORS 13.090 must be construed to prevent abatement only when the verdict is for plaintiff who dies pending an appeal.

The motion to dismiss the appeal is allowed.

SLOAN, J., dissents.