STAINTON v. JACOB KAISER IMPROVEMENT CO. et al.

(Supreme Court, Appellate Division, Second Department.  April 3, 1914.)

1. MORTGAGES (§ 270*)—ASSIGNMENT—SUFFICIENCY OF EVIDENCE.

In a suit to foreclose a mortgage, evidence *held* to support a finding that an alleged assignment of the mortgage by plaintiff was a forgery, even assuming that the certified copy of the record of the assignment was equivalent to the production of the original and that, had the original been produced, the commissioner of deeds would have identified her signature to the acknowledgment.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 608, 609; Dec. Dig. § 270.*]

2. MORTGAGES (§ 264*)—ASSIGNMENT—EFFECT.

An assignee of a mortgage who took the assignment in reliance on the record of prior assignment was not protected by the recording act, where the prior assignment was a forgery.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 665; Dec. Dig. § 264.*]

Appeal from Special Term, Kings County.

Action by Annie E. Stainton against the Jacob Kaiser Improvement Company and others to foreclose a mortgage.  From an interlocutory judgment in favor of plaintiff, the defendant Jennie V. Kennedy appeals.  Affirmed.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

George B. Hayes, of New York City (Henry Siegrist, of New York City, on the brief), for appellant.

John H. Rogan, of New York City, for respondents.

CARR, J.  The defendant Jennie V. Kennedy appeals from a judgment of foreclosure and sale entered in favor of the plaintiff, and which likewise canceled and set aside certain instruments of alleged assignment affecting the mortgage involved therein.  This action grew out of the behavior of one George F. Stainton, whose acts have been the subject of so much recent litigation in this court, and who, at the time of the trial of this case, was confined in Raymond Street Jail, awaiting trial on a charge of forgery.  This action was brought to foreclose a mortgage made and executed by the Jacob Kaiser Improvement Company to Jacob Kaiser on the 15th day of January, 1910, given to secure payment of the sum of $3,000 and interest.  The plaintiff claims title to the mortgage under an assignment made and executed on the 17th day of January, 1910, by the said Jacob Kaiser in favor of herself, which assignment was recorded in the office of the register of the county of Kings on January 17, 1910.  The defendant appellant Kennedy appeared, and affirmatively set up in her

answer that she was the lawful owner and holder of the mortgage in question by virtue of the following assignments: One duly executed and acknowledged on the 20th day of January, 1910, by the plaintiff in favor of George F. Stainton, and recorded in the office of the register of the county of Kings on June 24, 1910; one dated the 27th day of June, 1910, from George F. Stainton to one Herman Rosenthal, recorded in the office of the register of the county of Kings on the 9th day of July, 1910, and one dated the 7th day of July, 1910, from the said Herman Rosenthal to the defendant appellant, recorded in the office of the register of the county of Kings on the 20th day of September, 1910.

[1] The testimony, briefly summarized, is as follows: The plaintiff was the aunt of George F. Stainton, who was a lawyer and who had in his possession, in the middle of January, 1910, $3,500 of the plaintiff's money. This money was the proceeds of the sale of some property under a judgment of foreclosure in which the aunt was the plaintiff. That foreclosure action had been conducted by the said George F. Stainton on behalf of the plaintiff, and he retained the moneys with her consent until he had a chance to put it out again in a good mortgage. She directed her nephew to purchase the mortgage now in question, from Kaiser. The money was paid over to Kaiser for an assignment of the mortgage, she saw it paid, and she got the balance ($500) in check and cash. The assignment was signed by Kaiser in her presence, but she never saw it afterwards. It was to be put on record, and she left it with her nephew for that purpose. She asked for it, but she never saw it afterwards. He had everything concerned with it, the assignment and the mortgage, everything. Her nephew made a check to her for the amount of the mortgage, and she indorsed it over to Kaiser. She did not know that the mortgage had been assigned out of her until a year afterwards, and she never received anything on account of interest. It was offered to her, but she would not have anything to do with it after it had been assigned. It was assigned to two other people without her consent, and she did not see any assignment. She was interested in the Kaiser Improvement Company. George F. Stainton represented the Kaiser Improvement Company, and he represented Jacob Kaiser, and he represented the plaintiff, and he drew the check in the presence of the plaintiff and handed it over to Jacob Kaiser. She testified that she did not know what was the amount of the check for the balance, whether it was $375, but she asked for cash, $125. She carried the check for the balance around in her pocket for a week, and she then gave it to her niece (who was the wife of George F. Stainton) to "put in bank and deposit it." The niece gave the plaintiff the money afterwards, when she put the check through her bank. The plaintiff did not have a bank account at the time of this transaction. She could not remember seeing any one take Kaiser's acknowledgment to the assignment.

The defendant appellant put in evidence a certified copy of the record of the alleged assignment from the plaintiff to George F. Stainton. She never had the original assignment, but through her

husband she had possession of the bond and mortgage and produced them on the trial. Her husband attended to the transaction.

Alfred J. Baker, an attorney at law, called on behalf of the defendant, testified that he had searched the records in the register's office of Kings county on behalf of the defendant when the mortgage had been offered for sale by Rosenthal to her husband, and that he saw the assignment from Annie E. Stainton to George F. Stainton on file in the register's office, but it had not yet been recorded. He requested the register's office to send the assignment to him. He likewise made an effort to get it from Mr. Stainton. Stainton promised to send it to him.

John Kennedy, called on behalf of the defendant, testified that he was her husband, and that he knew one Herman Rosenthal, who came into his office in June, 1910, and wanted to know if he would buy a mortgage. Rosenthal came back the next day, and brought assignments of the mortgage to him; that is, an assignment from George F. Stainton to Rosenthal. He (Kennedy) asked Mr. Baker to look them over, and he asked Mr. Rosenthal what he wanted for the mortgage or the assignment. "He said, 'I will take $2,750.' I said, 'No, sir.; I think the mortgage runs too long, and I will give you $2,500.'" They agreed on $2,500. Baker told Kennedy that the assignment from Annie E. Stainton to George F. Stainton was on file in the register's office. He gave Rosenthal a check, but it was subject to an investigation. This check was admitted in evidence. The transaction was closed on July 7th. The Title Guarantee & Trust Company paid the interest to him. The $2,500 paid to Rosenthal was paid for the bond and mortgage in question, and for nothing else. He asked Rosenthal if he was the owner of the mortgage, and he said, "Yes," and he asked him how he got it, and he said he bought it from a man by the name of Stainton. He gave it to Mr. Baker to investigate and make a search. He did his own appraising. He sent a man to Brooklyn to investigate the Kaiser Realty Company, who brought back a report about the company; that they bore a poor reputation, but the property was all right. It never entered his mind that there might be another assignment. The assignment from Rosenthal was made two months before he (Kennedy) recorded it. .

Charles R. Gaiser, called on behalf of the defendant, testified that he was formerly the owner of the premises affected by the mortgage in question, and that Annie E. Stainton never demanded any interest from him. Kennedy had demanded the payment of interest from him.

James E. Kelly, called on behalf of the defendant, testified that he was acquainted with George F. Stainton and had represented him in some litigation concerning his father's estate. The assignment in question was never recorded at his request, and that he had no knowledge of such an assignment. The materiality of this testimony was an alleged indorsement on the disputed instrument that it was to be returned to Mr. Kelly.

Estelle Gertrude Stainton, called on behalf of the defendant, testified that she was the wife of George F. Stainton, and that she was a com-

missioner of deeds during the summer of 1909 and all of 1910. (Her name is attached to the acknowledgment as commissioner of deeds to the assignment in controversy.) She would attend at her husband's office three times a week and assist him as a commissioner of deeds. The office of the Kaiser Realty Company was in the same office as George F. Stainton, and she admitted her signature as commissioner of deeds was attached to the bond of the Kaiser Improvement Company to Jacob Kaiser. She did not remember the transaction because she signed so many papers. She did not remember anything about it. She had a great many of these transactions, and she became a commissioner for the accommodation of the Kaiser Realty Company and her husband's family. She had taken acknowledgments of Annie E. Stainton as well as other members of the family, and the company. She was a commissioner of deeds on the 20th day of January, 1910, but could not remember if she was in her husband's office on that day, and did not remember whether she took any acknowledgments during the month of January, 1910, of Annie E. Stainton. She would not swear either way. She did not recollect an assignment of the mortgage by Annie E. Stainton to George F. Stainton, and did not remember taking the acknowledgment. She did not remember the plaintiff giving her a check for $375 at about that time. She admitted her signatures to the acknowledgments on the bond and mortgage in question. She did not remember the name of George C. Crane, who was the subscribing witness to the assignment in question.

The plaintiff, called in rebuttal, testified that she never executed the assignment in question or made any transfer of the mortgage to her nephew, and never authorized anybody else to do so. The judgment roll in the action of Annie E. Stainton v. Henry Kahrs, to foreclose a mortgage for $3,500, was received in evidence, and the referee's report of sale in that action, showing that the amount due to the plaintiff for principal and interest, amounting to the sum of $3,710.31, was paid to George F. Stainton, the plaintiff's attorney. The balance of this amount, after investing the $3,000 in the assignment of the bond and mortgage in question, was paid to the plaintiff in check and cash. Her nephew collected the interest at all times for her on the mortgage which had been foreclosed, and sent it to her. She had the bond and mortgage which was foreclosed in her possession.

The court at Special Term wrote a brief memorandum which sets forth the court's impression as to the facts.

The appellant complains on this appeal that the court at Special Term erred in not accepting the certificate of acknowledgment annexed to the assignment in question, as sufficient to justify a finding by it that the defendant was the lawful owner and holder of the bond and mortgage in question, and that the probative force of such certificate of acknowledgment was not overcome by the uncorroborated testimony of the plaintiff. In support of this contention, she cites the case of Albany County Sav. Bank v. McCarty, 149 N. Y. 71, 43 N. E. 427, and the authorities therein cited.

We had a quite similar question here a few years ago in Nahe v. Bauer, 141 App. Div. 115, 125 N. Y. Supp. 592, in which the weight

to be given to a certificate of acknowledgment was considered (opinion by Thomas, J.). There, as here, the question of a forgery was involved. We reversed the judgment in that case, on the ground that the testimony overcame the prima facie presumption of the acknowledgment. In the Albany Savings Bank Case, 149 N. Y. 71, 43 N. E. 427, the existence of a certificate of acknowledgment was held to raise an issue of fact even though execution of the instrument and the making of the acknowledgment was disputed by other evidence. In that case, however, the original instrument and acknowledgment were produced in the court, and the notary gave some evidence in support of his certificate. Here the original instrument and acknowledgment are not produced. The commissioner of deeds whose name appears on the record of the instrument cannot say whether or not she ever took such acknowledgment. She has no recollection of the circumstances one way or other. Assuming that the certified copy of the disputed and apparently lost assignment is equivalent to a production of the original instrument, and that the commissioner of deeds would have identified her signature to the acknowledgment—which is going a great way, further than I would like to go—yet there would remain a question of fact for the trial court which I am satisfied it decided correctly on all the proofs before it.

[2] If the alleged assignment to George F. Stainton from the plaintiff was a forgery, then the Recording Act was of no protection to the defendant appellant. Marden v. Dorthy, 160 N. Y. 39, 54 N. E. 726, 46 L. R. A. 694; Caccioppoli v. Lemmo, 152 App. Div. 650, 137 N. Y. Supp. 643.

I recommend that the judgment be affirmed, with costs. All concur.