ADALINE ROCK, Appellant, *v.* LEVI ROCK and LENA ROCK, Respondents.

Third Department, January 5, 1921.

Ejectment — proceedings based on deed alleged to have been executed by defendants to plaintiff's grantor — evidence required to overcome presumption of execution arising from certificate of acknowledgment — case properly submitted to jury.

In an action in ejectment based on a deed alleged to have been executed by defendants to the plaintiff's grantor which bore a proper certificate of acknowledgment of the execution of the deed by the defendants with their marks, the defense interposed was that the defendants never executed the deed in question.

*Held,* that the certificate of acknowledgment to a deed is *prima facie* proof only of its due and proper execution and as such takes the case to the jury.

On the evidence introduced the case was properly submitted to the jury and there was more than a bare preponderance of evidence, supported by uninterested witnesses, and it was for the jury to decide, having seen the parties and the witnesses and their manner of testifying, whether the proof as submitted was so clear and convincing as to amount to a moral certainty that the deed in question was not executed by the defendants.

APPEAL by the plaintiff, Adaline Rock, from a judgment of the Supreme Court in favor of the defendants, entered in the

office of the clerk of the county of Clinton on the 26th day of
July, 1919, upon the verdict of a jury, and also from an order
entered in said clerk's office on the 26th day of July, 1919, deny-
ing plaintiff's motion for a new trial made upon the minutes.

*Allen & Allen* [*Seth S. Allen* of counsel], for the appellant.

*Victor F. Boire*, for the respondents.

KILEY, J.:

This is an action in ejectment. The plaintiff is the mother
of the defendant Levi Rock and mother-in-law of the defend-
ant Lena Rock. Gilbert Rock, a witness sworn on the trial,
is the husband of plaintiff and the father of the defendant
Levi Rock and father-in-law of the defendant Lena Rock.
On the 27th day of April, 1903, Sarah Ann Baker of the State
of Illinois deeded to the defendant Levi Rock the real estate
and premises described in the complaint in this action. Plain-
tiff claims to own this real estate upon which defendants
reside and possession of which they have had since the date of
the aforementioned deed, April 27, 1903, and which deed was
recorded in the Clinton county clerk's office May 25, 1903.
Plaintiff bases her claim of title, *first*, upon a deed dated May
23, 1903, two days before the deed to defendant Levi Rock was
recorded, purporting to have been given, made and executed
by the defendants to Gilbert Rock, which deed was not recorded
until November 7, 1917, and by him conveyed to plaintiff by
deed dated November 8, 1917, and recorded on that day in the
Clinton county clerk's office. The trial of the action com-
menced on the 16th day of April, 1919, and resulted in a
verdict of the jury in favor of the defendants. Motion was
made by the plaintiff to set aside the verdict and for a new
trial, which was denied. The only question litigated was,
whether defendants signed, acknowledged and delivered the
deed to Gilbert Rock, Jr., called herein Gilbert Rock. The
notary whose name was signed to the acknowledgment on
the alleged deed to Gilbert Rock was called in behalf of the
plaintiff and testified that it was his signature to the acknowl-
edgment, but while he remembered the parties being before him
some time for some business about papers they wanted executed

he did not remember anything about a deed, and had no recollection except that it was his signature to the acknowledgment. Plaintiff and his wife testified that they were present and that the plaintiff furnished the money. Defendants deny that any such transaction took place, and that they never heard anything of the transaction nor knew anything about it until some time before, when the defendant Levi Rock had some trouble with plaintiff over wages he claimed she owed him. The defendants denied that they signed the deed. Defendants called a witness who was present at a meeting of all the parties here concerned, when some papers were being made regarding the property of the parties (plaintiff and her husband), and he asked them about the Beartown lot (the lot in question) and they said it belonged to Levi, and that lot was not included in the disposition then made. This occurred four or five years before the trial of this action. The purported deed was signed, apparently, by the parties by their mark. The evidence as to who wrote the defendants' names is found in the testimony of the witness Agnew, who swore he drew the deed and wrote the name of Levi Rock, but did not make the mark nor write the name of the wife; it was not executed before him. The notary swore that none of the instrument was in his handwriting except his signature as notary. Lena Rock swore she never was in his office. Another witness swears that she furnished part of the money to the defendants when the land was purchased of Mrs. Baker. While Levi Rock can sign his name and did so upon the trial, the signature so made being produced upon the argument upon appeal, it appeared that he did some times sign by mark. His signature made upon the trial is clear, well written and shows no necessity for signing by mark. The evidence shows that this property was assessed to defendant Levi Rock, and that he paid the taxes; that he always, since acquiring the title in 1903, occupied the premises; that he exercised all acts of ownership over it, even after he had trouble with the plaintiff. The jury saw the parties and evidently thought defendants were the rightful owners. Appellant urges that, even if the defendants produced the preponderance of evidence, on account of the certificate of acknowledgment the judgment should have been for plaintiff; that the proof was not so clear and

convincing as to amount to a moral certainty that the defendants were right. Section 935 of the Code of Civil Procedure provides that " A conveyance, acknowledged or proved, and certified, in the manner prescribed by law, to entitle it to be recorded in the county where it is offered, is evidence, without further proof thereof." Section 936 of the Code provides that " the certificate of the acknowledgment, or of the proof of a conveyance, or the record, or the transcript of the record, of such a conveyance, is not conclusive; and it may be rebutted, and the effect thereof may be contested, by a party affected thereby." In 1896 the Court of Appeals laid down the general rule (*Albany County Savings Bank* v. *McCarty*, 149 N. Y. 71, at p. 80 of the opinion) contended for by the plaintiff, appellant, here, viz.: That such certificate " should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty." That case is the leading authority in this State and collates and reviews decisions previously had upon the question, not only in this State, but in several other States. Applying the reasoning to the case then before the court, it was held that " While the evidence is not conclusive, as the statute provides that ' it may be rebutted and the effect thereof contested by a party affected thereby,' it is of such a character as, standing alone, to send a case to the jury, so that they may decide between the probative force of the certificate, supported by the presumption that it states the truth, on the one hand, and the evidence produced in rebuttal, whatever it may be, on the other." The court did not disturb the finding of the referee on that point; but did reverse the judgment on errors in rejection of evidence. That case holds that the act of taking an acknowledgment is not judicial but ministerial in its character. (Page 83 of the opinion.) Appellant contends that the case in the Court of Appeals here referred to is the law of the State; hence, what is the effect of the general rule laid down? (Page 80.) The evidence must not be of doubtful character; it must not be the unsupported testimony of interested witnesses, and finally it must be more than a bare preponderance of evidence. It is then stated, " but

only on proof so clear and convincing as to amount to a moral certainty." It means evidence of probative force, and yet, when the judgment of the Court of Appeals is finally reached, it is said in effect, and in many other cases in so many words, that sections 935 and 936 (*supra*) make a certificate of the notary *prima facie* proof only, and as such takes the case to the jury. (*Rogers* v. *Pell*, 154 N. Y. 518, 530.) In *Marden* v. *Dorthy, No. 2* (12 App. Div. 188) it is said the introduction of the certificate makes out a *prima facie* case the same as evidence of a disinterested witness. In *Uvalde Paving Co.* v. *City of New York* (99 App. Div. 327, at p. 333 of the opinion) it is said the certificate raises a presumption of due execution and that such presumption must be weighed against the opposing evidence. (*Stainton* v. *Kaiser Improvement Co.*, 161 App. Div. 603.) This case holds that 149 New York, 71 (*supra*) is to the effect that the certificate raises a question of fact. In the final analysis, subject to the rule laid down in 149 New York, 71, as interpreted by these later cases, the case under consideration was properly submitted to the jury, and there was more than a bare preponderance of evidence, supported by disinterested witnesses. It was for the jury to decide whether the proof thus submitted, having seen the parties and the witnesses and their manner of testifying upon the stand, was so clear and convincing as to amount to a moral certainty. Appellant invokes the rule that, the deeds having been recorded, delivery is presumed. That is a sound rule, but the jury having found that the defendants did not execute, acknowledge and deliver the deed upon which plaintiff's title depends, it has no application here. (*Caccioppoli* v. *Lemmo*, 152 App. Div. 650.)

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.