WOODMERE ACADEMY, Respondent, *v.* HENRIETTA MOSKOWITZ, as Administratrix, etc., of SAMUEL W. MOSKOWITZ, Deceased, Appellant.

Second Department, March 13, 1925.

**Executors and administrators — action against administratrix to recover on subscription agreement by intestate for bonds of plaintiff — motion to strike out defendant's answer and for summary judgment — answer denies any knowledge or information sufficient to form belief as to execution of agreement — plaintiff's affidavits do not show that defendant had actual knowledge of execution of agreement by her intestate — defendant's affidavit states that she had no actual knowledge — summary judgment cannot be granted.**

Summary judgment cannot be granted in favor of the plaintiff in an action against an administratrix to recover the amount due on a subscription agreement by her intestate for bonds issued by the plaintiff, where the answer denies that the defendant has any knowledge or information sufficient to form a belief as to the execution of the agreement by defendant's intestate and where the

affidavits of the plaintiff, while they show that the defendant was present during a part of the time when negotiations between the plaintiff's agent and intestate were in progress, which culminated in the subscription agreement, do not show that the defendant had actual knowledge that the intestate executed the agreement, and on the other hand the affidavit by the defendant states positively that she had no knowledge that her intestate executed the agreement.

The defendant stated facts in her affidavit, not only sufficient to entitle her to defend, but to impose the duty on her to defend the action, as administratrix.

APPEAL by the defendant, Henrietta Moskowitz, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Nassau on the 9th day of July, 1924, granting plaintiff's motion to strike out defendant's answer and for summary judgment, and also from a judgment entered in said clerk's office on the same day pursuant to said order.

*Benjamin A. Hartstein* [*Marcus Klein* with him on the brief], for the appellant.

*Seligsberg & Lewis*, for the respondent.

JAYCOX, J.:

The plaintiff sued on a subscription for bonds of the plaintiff which it is alleged the defendant's intestate made. The subscription agreement is annexed to the complaint and in it the agreement is made with the "Woodmere School" and it is for the bonds of that "school" that the defendant's intestate subscribed. The complaint alleges that the subscription was intended for bonds of the plaintiff and was delivered to the plaintiff. It also alleges that in consideration of similar agreements, bonds to the amount of $200,000 were subscribed for by others; that it was agreed that the payments be made in equal payments of $1,000 each; that $1,000 has been paid and payment of the balance demanded.

The defendant, as administratrix, interposed an answer denying knowledge or information sufficient to form a belief as to the truth of these allegations. The denial is not in absolutely correct form, but absolute correctness in pleading is not necessary to defeat a motion of this kind. (*Curry* v. *Mackenzie*, 239 N. Y. 267.) The answer puts in issue the execution of the subscription agreement, the allegation that it was intended for this plaintiff and that other subscriptions were made on similar forms. An attempt is made by affidavits to show that the defendant did have actual knowledge of her intestate's subscription, but the plaintiff only succeeds in showing that the defendant was present when plaintiff's representatives called; that she knew the purpose of their call; but the affiants fail to say that she was present when her husband subscribed and do say she was not present all the time

during their call.    The result is that the affidavits fail to show that the defendant has any knowledge of the truth of the allegations as to which knowledge is denied.    The affidavits may be very convincing and lead to the conclusion that the plaintiff will probably succeed, but still if they do not meet the defendant's denial and show that she in fact has knowledge of the controverted facts it cannot deprive her of the right to have the facts proved in court by common-law proof.    The defendant has interposed a denial in the form prescribed by the Civil Practice Act (§ 261).    She has also complied with rule 113 of the Rules of Civil Practice, as she has shown facts sufficient to entitle her to defend.    In her affidavit filed in opposition to this motion, in speaking of these transactions, the defendant says she has absolutely no knowledge. This being so, it was her duty to defend and her answer should not be stricken out.    (*Rogan* v. *Consolidated Coppermines Co.,* 117 Misc. 718.)    The Court of Appeals has said that the power of the court upon application for summary judgment should be exercised with care and not extended beyond its just limits.    (*General Investment Co.* v. *Interborough R. T. Co.,* 235 N. Y. 133, 144.)

The position of the administratrix differs from that of the original debtor.    If in the usual course of settling the estate a claim is presented and the administratrix doubts the justice of it, she can give the creditor notice to that effect and suit thereon must be brought within three months or the claim tried and determined upon the final accounting. (Surrogate's Court Act, § 211.) Reasons are not required.    The administratrix must unequivocally dispute the claim and this sets the short Statute of Limitations running and if an action is not brought within the statutory period the claimant is required to establish his claim upon the accounting. (*Van Ness* v. *Kenyon,* 208 N. Y. 228; Surrogate's Court Act, § 211.) Claims against estates must be established by very satisfactory evidence.    (*Matter of Van Slooten* v. *Wheeler,* 140 N. Y. 624, 633.) I can see no reason for applying a different rule to an action against an administratrix.    If the administratrix alleges that she has no knowledge, the claimant must establish his claim.

The order and judgment should be reversed upon the law, with costs, and the motion denied, with ten dollars costs.

KELLY, P. J., RICH, KELBY and YOUNG, JJ., concur.

Order and judgment reversed upon the law, with costs, and motion denied, with ten dollars costs.