BASIL C. WALKER, Plaintiff, *v.* FRANCIS T. SANFORD and Another, Defendants.

Supreme Court, New York County, February 18, 1926.

Arrest — vacating order — cause of action alleging fraudulent representations by defendant inducing sale of corporate stock and cause of action to procure rescission of contract and cancellation of note insufficient to sustain order of arrest — Civil Practice Act, § 826, subd. 10, not applicable — motion to vacate order granted.

An order of arrest predicated upon a complaint containing two causes of action will be vacated on the ground of the insufficiency of the complaint, where it appears that the first cause of action which is predicated on fraudulent representations by which the plaintiff, acting for his mother, was induced to purchase corporate stock from the defendants, fails to allege damages and prays for a judgment for the full purchase price rather than for the difference in value parted with and the value received, and the second cause of action alleges that the plaintiff was induced to buy certain stock for himself as a result of defendants' fraudulent representations, for which plaintiff gave his promissory note and demands rescission of the agreement and cancellation of the note, for there is no authority for the order in such actions under subdivision 10 of section 826

of the Civil Practice Act which limits the granting of an order of arrest to an action upon contract, express or implied, other than a promise to marry, where the complaint alleges that the defendant was guilty of a fraud in contracting or incurring the liability. The latter action does not come within any of the subdivisions of said section.

MOTION by individual defendant to vacate order of arrest.

*Delafield, Thorne & Burleigh,* for the plaintiff.

*Walter L. Post,* for the defendants.

LEVY, J. The individual defendant here moves to vacate an order of arrest, contending (1) that the papers on which it was granted are insufficient; (2) that the complaint fails to state a cause of action, and (3) that not more than one of the two causes alleged in the complaint is of a character that authorizes an order of arrest. The first cause of action alleges that this defendant by means of fraudulent representations induced the plaintiff, acting as agent for his mother, to purchase for her account fifty shares of stock for $5,000; that the mother thereafter delivered the shares to the plaintiff and assigned to him all her rights and claim against the defendant. The plaintiff concedes that no cause of action for deceit is stated in the first cause. The failure of the complaint to allege any damages and the fact that the prayer for relief asks for judgment for the full purchase price and not for the difference between the value parted with and the value received (*Reno* v. *Bull,* 226 N. Y. 546) indicate that this concession is in accord with what seems to be the fact. Moreover, our Court of Appeals in *Zabriskie* v. *Smith* (13 N. Y. 322), apparently under the principles of the common law, laid down the rule that a cause of action for deceit is non-assignable, and we might, therefore, find an additional objection to the complaint. However, in *Johnston* v. *Bennett* (5 Abb. Pr. [N. S.] 331) the Superior Court, at Special Term, held that a cause of action in deceit could be assigned in view of the provisions of the Revised Statutes referred to in the opinion, and stated (at p. 332): " When *Zabriskie* v. *Smith* (13 N. Y. 322) was decided, these provisions of the statute do not appear to have been called to the attention of the learned judge (DENIO) who delivered the opinion." The law has since become well established that causes of action in deceit are assignable. (*Jackson* v. *Daggett,* 24 Hun, 204; *Haight* v. *Hayt,* 19 N. Y. 464; *Fried* v. *N. Y. Central R. R. Co.,* 25 How. Pr. 285; *Wade* v. *Kalbfleisch,* 58 N. Y. 282; *Keeler* v. *Dunham,* 114 App. Div. 94; *Fox* v. *Hirschfeld,* 157 id. 364, 368.) However that may be, the complaint is insufficient in law, even if viewed as one in deceit in any event because of the plaintiff's failure to allege damage. But, if it be viewed as one

to recover the purchase price of the stock by reason of a previous rescission of the contract of purchase, it is equally insufficient in law. There is a complete failure of allegation that the stock was tendered back or that the plaintiff or his assignor rescinded the transaction. If, however, permission were granted the plaintiff to amend his pleading so as to include such allegations under the broad powers conferred by section 843 of the Civil Practice Act (*Russell* v. *Porter*, 236 N. Y. 619), the order of arrest would nevertheless still be improper. There seems to be no authority for granting such an order based on the nature of the action, *i. e.,* under section 826 of the Civil Practice Act, in a cause predicated upon a rescission even though fraud be the ground for the election to rescind. Subdivision 10 of section 826 of the Civil Practice Act has no application to such an action. It is controlling only in an " action *upon contract*, express or implied, other than a promise to *marry, where* it is alleged in the complaint that the defendant was guilty of a *fraud in contracting or incurring the liability.*" (Italics mine.) An action founded upon rescission obviously is not such an action but rather one in disaffirmance of the contract. The plaintiff, however, attempts to bring himself within subdivision 10 of section 826 on the theory that the action is upon a contract to repay the purchase price, which contract he claims arose by operation or implication of law at the time or as a result of the fraudulent representations. If the plaintiff were correct in this contention, it would necessarily follow that recovery of the purchase price could be had in an action at law without a tender back of the stock or other consideration received by the purchaser. No longer would it be necessary for the plaintiff to rescind and offer to restore the consideration as prerequisites to a suit for the return of the purchase price in cases where fraud had been committed. Restoration of the consideration and the resulting rescission of the contract would constitute nothing more than vain surplusage.

It may be that one who has received money or property through fraud can be sued on an implied contract to repay in cases where the plaintiff has received nothing and, therefore, has nothing to tender back. That seems to have been the situation in *Valentine* v. *Richardt* (6 N. Y. Supp. 197), where an order of arrest was sustained under subdivision 4 of section 549 of the Code of Civil Procedure, now subdivision 10 of section 826 of the Civil Practice Act. The court there said (at p. 197): " If the defendant obtained by fraud from the mother of the plaintiff upwards of $10,000 of personal property, the law immediately implied a promise on his part to account to her for the same, and at any time thereafter she could have maintained an action against him upon such implied

contract for the recovery of the property." There was nothing for plaintiff in that case to restore, nothing having been received by him. The plaintiff cites in support of his position the case of *Aaron* v. *Richmond* (111 Misc. 549), where it was held that an order of arrest had been properly granted in an action in equity to recover back the portion of the purchase price which had already been paid and to cancel certain notes given by the plaintiff for the balance of the price. The court there stated that the fact that the action was in equity did not deprive the plaintiff of an order of arrest since he would have been entitled to a judgment at common law for that portion of the price already paid him and that he resorted to equity only in order to obtain a form of relief which that side of the court alone could grant. It does not appear whether the court thought the common-law judgment would have been obtainable in an action of deceit or on the basis of a rescission prior to the commencement of the action. The question apparently was not considered. There is not the remotest suggestion in the decision to indicate that it is authority for plaintiff's proposition that an implied contract arose within the meaning of subdivision 10 of section 826 of the Civil Practice Act. It occurs to me that any attempt to amend the complaint here would be idle. And I am forced to the conclusion, therefore, that the granting of the order of arrest under the first cause of action was wholly unauthorized. The second cause also fails to sustain the order of arrest. It alleges that the plaintiff was induced to buy certain stock for himself as a result of the defendant's fraudulent representations, and that the plaintiff paid the price, $3,000, by giving his promissory note in that sum to the defendant. Rescission of the agreement and cancellation of the note is, therefore, asked. The action fails to come within any of the subdivisions of section 826 of the Civil Practice Act. The case of *Aaron* v. *Richmond* (*supra*) furnishes plaintiff no support even in this connection. The instant cause is purely and entirely equitable in nature and no order of arrest can properly be granted in the circumstances here disclosed. (*Fenton* v. *Duckworth*, 131 App. Div. 291.) The motion to vacate the order of arrest must, therefore, be granted. Submit order.