MORRIS J. LEHRER, Appellant, *v.* ABRAHAM NUSBAUM and Another, Respondents.

Supreme Court, Appellate Term, First Department, March 13, 1929.

*Arthur C. Mandel,* for the appellant.

*Shaine & Weinrib,* for the respondents.

PETERS, J. The question in this case is whether the complaint states such a cause of action as makes the granting of an order of arrest a matter of course under subdivisions 6 or 10 of section 826 of the Civil Practice Act.

The facts are, briefly, as follows: In January, 1926, defendants for the purpose of obtaining from the plaintiff $2,500, fraudulently and falsely represented that a loan would be made to Samuel Ash, Inc., if the plaintiff would deposit $2,500 as security. Plaintiff agreed to do this and deposited the requested sum. Thereafter the defendants fraudulently induced the plaintiff to enter into certain modifying agreements. After the defendants had control of plaintiff's money they repudiated their collateral verbal agreements and fraudulently appropriated the money to their own use. The complaint shows a scheme by the defendants to satisfy a third party's debt to them at the expense of plaintiff.

The court vacated the order of arrest on the authority of *Walker* v. *Sanford* (126 Misc. 597; affd., 217 App. Div. 727). The complaint alleging fraud and demanding rescission in that case was defective because no tender was alleged. The facts show that it was the type of case in which a tender is necessary before rescission may be granted. Since the Appellate Division wrote no affirming opinion, the case is not necessarily an authority for more than the correctness of the result.

The court, in *Walker* v. *Sanford,* however, apparently refused an order of arrest upon the theory that such an order will not be granted where the cause of action is based on rescission. The learned justice wrote concerning the interpretation of subdivision 10 of section 826 of the Civil Practice Act: " It is controlling only in an ' action *upon contract,* express or implied, other than a promise to *marry, where*

it is alleged in the complaint that the defendant was guilty of a *fraud in contracting or incurring the liability.'* (Italics mine.) An action founded upon rescission obviously is not such an action but rather one in disaffirmance of the contract. The plaintiff, however, attempts to bring himself within subdivision 10 of section 826 on the theory that the action is upon a contract to repay the purchase price, which contract he claims arose by operation or implication of law at the time or as a result of the fraudulent representations. If the plaintiff were correct in this contention, it would necessarily follow that recovery of the purchase price could be had in an action at law without a tender back of the stock or other consideration received by the purchaser. No longer would it be necessary for the plaintiff to rescind and offer to restore the consideration as prerequisites to a suit for the return of the purchase price in cases where fraud had been committed. Restoration of the consideration and the resulting rescission of the contract would constitute nothing more than vain surplusage."

With the greatest deference we are unable to concur in the statement of the results that would follow if the plaintiff's contention in that case were correct. When a party to a contract brings an action in rescission he has done two things. He has repudiated the contract and he has brought an action to recover back the consideration parted with by him through the fraud of the defendant. This cause of action is based on a contract implied in law. The repudiation of the contract and the offer to restore what the plaintiff has received as a result of the contract are mere prerequisites to the right of the party defrauded to institute his action based on the rescission of the contract. This theory of an action in rescission is sustained by the opinion of the Court of Appeals in *Degraw* v. *Elmore* (50 N. Y. 1, 3). In that case the court said: " The remedy of a party claiming that a fraud has been practiced by which he has been induced to enter into a contract, is so thoroughly settled, that the mere statement is sufficient. He has his election upon the discovery of the fraud either to affirm the contract and bring an action for the recovery of the damages sustained by him, or to disaffirm the contract, restore to the other party all he had received under it, and demand and recover from him all he has parted with in pursuance of the contract. In case the latter remedy is adopted and the fraud is established, the contract is rescinded, and the rights of the parties the same as though it had never been made. If the party guilty of the fraud refuses to restore upon demand what he has received under the contract, it may be recovered of him or its value in the proper action as tortiously withheld. Upon an execution issued upon a judgment so recovered, the debtor would be liable to

arrest and imprisonment in like manner as upon other judgments recovered for torts."

It may be added, however, that in the case before us no tender was necessary and the situation is covered by the decision in *Valentine* v. *Richardt* (6 N. Y. Supp. 197). That decision was not disapproved in *Walker* v. *Sanford,* and if there was any doubt about the general position taken above, there can be no doubt that on the precise facts of the case before us the order of arrest should have been allowed on the authority of the older case.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur; present, Bijur, Peters and Frankenthaler, JJ.