DAVID ROBINSOHN, Plaintiff, *v.* MARY HERMAN, Defendant.

Supreme Court, New York County, May 1, 1929.

*Bernard Gordon,* for the plaintiff.

*L. Scadron,* for the defendant.

COTILLO, J. The action is one instituted by the plaintiff against the defendant as executrix of the estate of Samuel J. Herman, deceased. It is based upon an agreement entered into on the 27th day of June, 1923, between the plaintiff and the deceased Samuel J. Herman. The complaint alleges that under the terms of the agreement should Samuel J. Herman cease as a director, stock-

holder or officer of the corporation known as the Herman King Realties Co., Inc., the plaintiff would then have the privilege of exercising an option in the agreement by which option the deceased agreed to repurchase from the plaintiff certain stock purchased by him at the instigation of the deceased in the Herman King Realties Co., Inc., that the deceased ceased to be a director or officer of the corporation; that the plaintiff thereafter elected to exercise the option. The defendant in her answer denied any knowledge or information sufficient to form a belief as to the allegations set forth in plaintiff's complaint and more particularly the execution and contents of the said agreement and set up as a further defense that as a result of the death of the said Samuel J. Herman the terms of the agreement alleged in the plaintiff's complaint were rendered impossible of performance and said agreement became null and void and the non-performance of the terms of the alleged agreement is due to no fault or negligence on the part of the deceased and that the alleged option contained in the agreement was not exercised until the death of the said Samuel J. Herman and that the agreement is not binding on the executrix as defendant in this action. The denials interposed by the defendant are sufficient (*Woodmere Academy* v. *Moskowitz*, 212 App. Div. 457), and as was said in *Curry* v. *Mackenzie* (239 N. Y. 267) before summary judgment can be granted against the defendant " there must be a failure on the part of the defendant to satisfy the court ' by affidavit or other proof ' that there is any basis for his denial or any truth in his defense."

Motion denied.