JACOB EDELMAN, Plaintiff, *v.* PUBLIC NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Executor, Defendant.

City Court of New York, Kings County, January 28, 1930.

*Harold Stern*, for the plaintiff.

*Bernard L. Spiegel*, for the defendant.

GALLAGHER, J. Plaintiff, suing as indorsee of five promissory notes, moves to have defendant's answer stricken out and for summary judgment. Defendant is the executor of the estate of a deceased payee and indorser. Deceased indorsed and delivered the notes to plaintiff and died before the maturity of any of them. None of the makers is made a defendant. As to four of the notes it is claimed by plaintiff in affidavits submitted in support of the motion that the signatures of the makers are forgeries. On each of these four notes an additional or alternative cause of action for damages is set forth in the complaint wherein the note is alleged to be spurious and void and the damage claimed is the face amount of the note, which amount plaintiff, both in the complaint and by affidavit, alleges he paid to the deceased in full at the time the notes were

indorsed and delivered to him by the deceased. None of the notes bears interest. They were payable two and three months after date.

In one of plaintiff's affidavits appear assertions as to alleged negotiations for settlement and the possible allowance of plaintiff's claim. These assertions for the most part drew denials from defendant. The futility of setting forth such matters in affidavits on motions of this kind must be apparent in view of the rule which precludes proof or even mention of them at a trial. Of course, they cannot be considered in an application to preclude trial. The answer contains denials on information and belief and denials of knowledge sufficient to form a belief. Both types of denials raise issues, and in an affidavit submitted by defendant in opposition to the motion it is stated that an additional issue, usury, will be presented by an amended answer which will affirmatively plead that defense. Defendant's answer was served within six days after service of the complaint. The cause has not been noticed for trial. Denials such as those contained in the answer herein are invariably employed by executors when sued for debts alleged to have been contracted by their testators. In many such cases little, if any, knowledge is possessed by the executor of the transactions and facts alleged in the complaint. The executor's answer, therefore, unlike the answer of an original debtor, who is presumed to know the facts, does not usually create a suspicion that the denials are frivolous and that the answer was interposed merely for delay. On the contrary, it would seem necessary for an executor in the fulfillment of his duties to interpose such an answer. This distinction is made in *Woodmere Academy* v. *Moskowitz* (212 App. Div. 457), a comparatively recent decision in this department. There an action was brought against an administratrix on a subscription for plaintiff's bonds alleged to have been made by defendant's intestate. It was held improper to strike out defendant's answer which denied knowledge as to whether her intestate had made the subscription. The test applied was whether defendant had the knowledge which she denied she possessed, and plaintiff, having failed to show that she had, was refused summary judgment. Nothing in the papers submitted on the present motion shows or even intimates that the defendant bank had knowledge of the matters as to which it denied knowledge. Defendant should not be deprived of its right to have common-law proof of plaintiff's claim presented at a trial or of the right to object to testimony of transactions between plaintiff and the decedent should any such testimony be offered by incompetent witnesses.

The motion is, therefore, denied. Order signed.