Irene Breuchaud and Another, as Executors, etc., of Jules Breuchaud, Deceased, Plaintiffs, *v.* Bank of New York and Trust Company, Defendant.

Supreme Court, New York County, November 21, 1935.

*McLean, Ferris, Ely & Fain,* for the plaintiffs.

*Emmet, Marvin & Martin,* for the defendant.

McLaughlin (Charles B.), J.   This is an action for the partial revocation of a trust and is brought pursuant to the provisions of

section 23 of the Personal Property Law. In January, 1929, one Jules Breuchaud and the defendant in this action executed a deed creating a trust in personal property. Breuchaud was the settlor of the trust and the defendant the trustee. The corpus of the trust estate consisted of stock of an estimated market value at the time of creation of the trust of $300,000, plus whatever the settlor might add thereto from time to time. The granting clauses gave the net income from the corpus to the settlor's wife, Irene Breuchaud, for life. Upon the death of the wife the income from one-third of the trust was to be given to one Sunset B. Hasbrook, daughter of the trustor, for life. Upon the death of the survivor of mother and daughter provision was made whereby the trustee was to administer this one-third interest as a charitable trust for the purpose of founding and maintaining a public library in some city, town or village in the State of Florida, etc. It is as to this one-third of the trust estate that revocation is sought.

A prior motion was made in this matter to bring before the court as additional parties defendant all those beneficiaries of the trust who would take in any contingency, however remote. This motion was denied. (See *Breuchaud* v. *Bank of New York & Trust Co.*, opinion published in N. Y. L. J. March 29, 1935, at p. 1603.) In that opinion it was held, in effect, that all necessary parties were before the court. Upon appeal the order denying the motion was affirmed by the Appellate Division (244 App. Div. 793; 245 id. 717), without opinion. Thereafter an answer was served. In this state of the case motion is now made by the plaintiffs for judgment on the pleadings under rule 112 of the Rules of Civil Practice.

It is a general rule of pleading long established in the jurisprudence of our State that one relying on fraud or duress as a defense must allege those defenses affirmatively. Akin to this rule is another, equally well established, namely, that where the due execution of an instrument is presumptively within the knowledge of the party attacking it on the grounds of fraud or duress, such contentions must be affirmatively set out in the pleading of that party. (*Sternback* v. *Friedman*, 23 Misc. 173; *Commercial Bank of Rochester* v. *City of Rochester*, 41 Barb. 341; *Lefler* v. *Field*, 52 N. Y. 621.) Where there is nothing before the court to give rise to a presumption of knowledge on the part of a party relying on such defenses, a different rule inheres. In such case the party is not required to plead affirmatively. (*Woodmere* v. *Moskowitz*, 212 App. Div. 457.) In many situations which might arise, such a party would be an administratrix, as in the *Woodmere Case* (*supra*), or a trustee, as in this case. It may be regarded as self-evident in the instant matter that the trustee bank cannot be charged with *prima facie* knowledge

of the due execution of the consents here involved. It was not represented at the execution of such consents nor was it in any sense a party thereto. Further, the Court of Appeals has stated in *Murray* v. *Narwood* (192 N. Y. 172) that a party relying upon a contract must sustain the burden of proof as to showing such contract to be valid in its inception. This burden will fall upon the plaintiffs in this case upon the trial where the question of the due execution of the consents will be fully litigated. The fact that the instrument embodying the consents is acknowledged in conformity with the provisions of the Civil Practice Act (§ 384) pertaining thereto, is not decisive as matter of law of the due execution of such instrument. At most, an acknowledgment merely shows that an instrument is only *prima facie* duly executed. (*Albany County Savings Bank* v. *McCarty*, 149 N. Y. 71; *Rock* v. *Rock*, 195 App. Div. 59; *Spraker* v. *Spraker*, 152 Misc. 867.) It, therefore, follows that the validity of such an instrument may be contested by a party affected thereby. The way is, therefore, open to the trustee here to question the validity of the consents. The trustee bank has done so in its answer by denying that it has any knowledge or information sufficient to form a belief as to the execution of said consents. Whether a denial is made in good faith or is advanced upon purely technical grounds is a matter upon which we may not speculate in a motion of this kind. While the court may be aware of latent equities underlying the plaintiffs' position, it is, nevertheless, constrained to render its decision according to the controlling principles of law involved.

From comparatively early times the form of denial interposed by the defendant in this case has been held to be sufficient to raise a triable issue. Section 261 of the Civil Practice Act continues the provisions of the former Code of Civil Procedure in this respect. The cases uniformly hold that one not presumptively in possession of knowledge of a fact may enter this form of denial. (*Edelman* v. *Public National Bank & Trust Co.*, 136 Misc. 213; *Sheldon* v. *Heaton*, 78 Hun, 50; *Kirschbaum* v. *Eschmann*, 205 N. Y. 127; *Bennett* v. *Leeds Mfg. Co.*, 110 id. 150; *Robinson* v. *Herman*, 134 Misc. 246; *Woodmere* v. *Moskowitz*, 212 App. Div. 457.)

As to the remaining defenses the court holds that they have been already disposed of by the decision upon the former motion and the Appellate Division's affirmance thereof. As heretofore stated, it was determined on that motion that all necessary parties were before the court and that the additional parties defendant sought to be brought in were not necessary parties. This means that the parties left out, being debarred from taking part in the action and thereby raising any issues or interposing any defenses in their own

behalf, it must necessarily follow that the defendant trustee may not nullify the effect of that decision by raising any issues or setting up any defenses for them. As to these matters the decision on the prior motion is *res judicata* and the defendant may not avail itself of them. (*Riggs* v. *Pursell*, 74 N. Y. 370; *Dwight* v. *St. John*, 25 id. 203; *Williams* v. *Barkley*, 165 N. Y. 48; *Bannon* v. *Bannon*, 245 App. Div. 521.) By its affirmance of the decision on the prior motion, the Appellate Division has concurred in the result there reached. (*Scott & Co., Inc.*, v. *Scott*, 186 App. Div. 518; *Lehrer* v. *Nusbaum*, 133 Misc. 710; *Rogers* v. *Decker*, 131 N. Y. 490.) It follows then that the only issue raised by the defendant on the present motion is the one involving the due execution of the instrument containing the consents and as to that issue there must be a trial.

For the foregoing reasons, the motion is denied.