ASBURY PARK AND OCEAN GROVE BANK, Plaintiff, *v.* RUBIN SIMENSKY, Defendant.

Supreme Court, Special Term, Kings County, October 14, 1936.

*Swiger, King & Chambers* [*Lloyd M. Howell* of counsel], for the plaintiff.

*Weinstein & Levinson*, for the defendant.

BROWER, J. This is an action against an indorser of three promissory notes payable to plaintiff's predecessor in interest. Defendant denies that he ever received notices of presentment for payment and dishonor. Together with his answer, he served upon plaintiff's attorneys an affidavit indicating an intention on his part to dispute the fact of due notice. Plaintiff moves to strike out the answer and for summary judgment in its favor.

The notes in suit were payable in New Jersey, and the law of New Jersey with reference to proof on the question of the giving of due notice of dishonor is applicable. The law of New Jersey with respect to presentment for payment and notice of dishonor is similar to that of this State. Section 105 of the New Jersey Negotiable Instruments Law (3 N. J. Comp. Stat. 3747) provides: " Where notice of dishonor is duly addressed and deposited in the post office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails." Section 21 of the statute relating to evidence (2 N. J. Comp. Stat. 2227) provides: " The certificate of a notary public of this State, or of any other State or Territory of the United States, * * * shall be received in all the courts of this State as competent and conclusive evidence * * * of the facts therein certified as to the presentment and dishonor of such bill or note and of the time and manner of giving or sending notice of dishonor to the parties to such bill or note; * * * provided, nevertheless, that if the opposite party shall give notice with his plea or other pleading * * * that he intends to dispute the fact of due presentment

or notice of dishonor, then such certificate shall not be made evidence by this section, but the facts necessary to fix the liability of such party shall be established by proof as heretofore." Under this statute, the effect of serving the affidavit of intention to dispute the fact of due notice is to render the notary's certificate no evidence of the facts therein certified. Plaintiff must establish these allegations of his complaint by common-law evidence.

Disregarding, then, the certificate of the notary, we have on this motion for summary judgment an affidavit by the notary that he gave due notice of dishonor by personally mailing certificates of protest to defendant. Defendant denies that he received them, and states that it is his belief that they were not duly mailed. He has taken the requisite statutory step to put plaintiff to its common-law proof, i. e., to show by the testimony of the person claimed to have given due notice that he in fact did so, with the right to cross-examine such person. To deprive him of this right by accepting the affidavit of the notary, would be to circumvent and render of no avail the statutory protection invoked by defendant.

Furthermore, defendant's denial of knowledge or information sufficient to form a belief as to the allegations of due presentment, protest and notice coupled with his denial of receipt of the last, is under circumstances such as these, where he has not been shown and cannot be expected to have any actual knowledge thereof, sufficient to warrant a denial of this motion and require plaintiff to prove its cause of action. (See *Woodmere Academy* v. *Moskowitz,* 212 App. Div. 457, 459; *Brooklyn Clothing Corp.* v. *Fidelity-Phenix Fire Ins. Co.,* 205 id. 743, 748; *Edelman* v. *Public National Bank,* 136 Misc. 213, 214; *Rogan* v. *Consolidated Coppermines Co.,* 117 id. 718, 727.)

The New York case of *Trusts & Guarantee Co.* v. *Barnhardt* (270 N. Y. 350), cited by counsel, is not controlling, *first,* because the court was there construing and applying the law of Canada; *second,* because the effect of service with the pleading of the affidavit referred to, thus putting plaintiff to its common-law proof, was not before the court; and *third,* because that decision was not rendered on a motion for summary judgment.

Motion denied.