## UNITED STATES v. GOTHAM PHARMA-CAL CORPORATION et al.

District Court, S. D. New York.

March 10, 1941.

John T. Cahill, U. S. Atty., of New York City (J. Randall Creel, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Norman S. Rein, of New York City (Irving J. Mishkin, of New York City, of counsel), for defendant St. Paul Mercury Indemnity Co.

MANDELBAUM, District Judge.

The plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, urging that there is no genuine issue as to any material fact and is entitled to judgment as a matter of law.

The sole opposition by the defendant, St. Paul Mercury Indemnity Company of St. Paul, to the application is that it does not know, and has been unable to learn, any of the salient facts with respect to the allegations of the moving papers. That this assertion is not sham is quite evident from the government's moving affidavit wherein it is conceded that defendant is without such knowledge.

The factual situation is this: The defendant, Gotham Pharmacal Corporation, obtained a bond from the defendant, St. Paul, in the sum of $7,000 in which the latter became bound to the government if the terms of the bond were violated by Gotham. The government in support of this motion, submits that the terms and conditions of the bond were violated by Gotham in that during the calendar years 1937, 1938, and 1939, it withdrew under its permit specially denatured alcohol, which was cleaned by removing the denaturants and was sold without occupational or other stamp tax for beverage purposes and that false records were kept and reported to the Treasury Department. The Gotham Pharmacal Corporation and its officers were indicted, convicted and sentenced for violation of the criminal law of the United States relating to the payment of taxes upon alcohol suitable for beverage purposes.

The surety company apparently was no party to any of these transactions. That, of course, is not sufficient to evade its liability on the bond. Undoubtedly, the government has presented a strong case and it is likely that it will succeed at a trial. The next question therefore is whether this action should await trial. From all the surrounding circumstances, it is my belief that it should. My reasons follow: First, the defendants have not been able to submit affidavits to controvert the statements contained in the moving affidavits. Second, I feel that in the interest of justice, the defendant should be given an opportunity to cross-examine such witnesses who may be produced by the government. Third, I have been informed through the Calendar Commissioner's office that this case has been set for the reserve calendar for April 15, 1941, and should be reached for trial within a short time. Fourth, Rule 56(f) of the Federal Rules of Civil Procedure seems to cover a situation such as the one in the instant case. It reads: Rule 56(f). "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." See Moore's Federal Practice, Volume 3, pp. 3188, 3189.

Even under state court practice (Rule 113 of the New York State Civil Practice Rules) the courts have been reluctant to grant summary judgment under a disclaimer of knowledge by the defendant made in good faith. Friedman v. Friedman, 251 App.Div. 835, 296 N.Y.S. 714; Asbury Park & Ocean Grove Bank v. Simensky, 160 Misc. 921, 290 N.Y.S. 992.

The motion is denied upon condition that when this case is reached for trial in its regular order, the defendant must be ready to proceed. If not, this motion may be renewed.