Arminda H. HEDGER, Plaintiff-
Appellee,

v.

Ethel H. REYNOLDS, Defendant-Appel-
lant, and The Northwestern Mutual Life
Insurance Company, Defendant.

No. 35, Docket 23007.

United States Court of Appeals,
Second Circuit.

Argued Oct. 13, 1954.

Decided Nov. 5, 1954.

Gray & Wythe, New York City, Horace M. Gray, New York City, of counsel, for plaintiff-appellee.

Henry J. Smith, New York City, for defendant-appellant.

Before CHASE, MEDINA and HARLAN, Circuit Judges.

PER CURIAM.

Invoking the diversity jurisdiction of the court, the appellee brought this suit to set aside an instrument she had signed at the request of her deceased husband which had enabled him to have a policy of insurance on his life, in which she had previously been the sole beneficiary without right reserved to the insured to change the beneficiary, amended to give him that right. Before his death, he revoked the designation of his wife as beneficiary and had the appellant designated as such. When the insured died, the policy was payable to a third party to whom it had been assigned as security for money loaned to the insured. The insurance company paid the proceeds of the policy to the assignee who, after deducting the amount due him, paid the remainder to the appellant. Additional re-

lief sought was to have appellant declared a constructive trustee, for the benefit of the appellee, of that part of the proceeds of the policy which the appellant had received. After trial by court, judgment was entered for the plaintiff-appellee setting aside the instrument the appellee had signed and impressing a trust for her benefit upon the proceeds of the policy which had been paid to her. This appeal is from that judgment. The insurance company was named as a defendant but did not appear and has no interest in the suit.

■ The appellant does not, nor well could she, contend that, on the facts as found, the judgment is erroneous since, at the least, they show that there was a breach of fiduciary relationship on the part of the appellee's husband and that he was guilty of constructive fraud in persuading her to sign the instrument. Matter of Smith's Estate, 243 App.Div. 348, 353, 276 N.Y.S. 646; Haack v. Weicken, 118 N.Y. 67, 73, 74, 23 N.E. 133.

The critical findings are that, "On or about the 23rd of March, 1948, the insured presented to the plaintiff, an instrument for her signature stating that the instrument when executed would obviate the need for signing others in the event of successive borrowings on the policy. Plaintiff, without time or opportunity to examine the instrument which insured forthwith took with him, but relying on the faith of her husband and on the practice of such earlier transactions, without any consideration, and in the absence of any witness, signed the instrument presented consenting to it only as an instrument designated to permit the obtaining of further loans on the policy. It was never acknowledged by her."

■ Such evidence as there was to contradict these findings was by no means such that the judge was bound to accept it at face value. Certainly the certificate of the notary was only rebuttable evidence that the appellee's acknowledgment had been taken as certified and that the instrument had been duly executed by her. Section 384(3) of the New York Civil Practice Act; Breuchaud v. Bank of New York & Trust Co., 157 Misc. 375, 283 N.Y.S. 812. The burden on an appellant, who seeks to reverse a judgment for error in fact, to show that essential findings are clearly erroneous, is, indeed, a heavy one when, as in this instance, decision must turn largely upon the credibility of witnesses the trial judge saw and heard testify. Rule 52(a) F.R.C.P., 28 U.S.C.A. United States v. Aluminum of America, 2 Cir., 148 F.2d 416, 433; Moore v. Ford Motor Co., 2 Cir., 43 F.2d 685. The evidence of the appellee was not inherently improbable in the light of all the circumstances shown and we find nothing in this record which persuades us that the trial judge, who obviously did find it credible, committed any error in so doing. As it gave the findings substantial support they should be given effect by us. Straight Side Basket Corp. v. Webster Basket Co., Inc., 2 Cir., 82 F.2d 245, 247.

Judgment affirmed.